## COMMONWEALTH *vs.* JAMES MAGEE.

Suffolk. February 1. — 23, 1886.

At the trial of a complaint for keeping intoxicating liquors, with intent unlawfully to sell the same, a chemist and state assayer testified that he made an analysis of the liquor in question, which was beer, and found it to contain over three per cent of alcohol. *Held*, that it was competent for the jury to infer that the witness understood the purpose for which he was to analyze the beer, and that he meant to be understood as testifying that the beer contained more than three per cent of alcohol, as shown by an analysis made according to the provisions of the Pub. Sts. *c.* 100, § 27.

COMPLAINT, under the Pub. Sts. *c.* 100, alleging the exposing and keeping for sale at Boston, on August 22, 1885, of certain intoxicating liquors, with intent unlawfully to sell the same in this Commonwealth. Trial in the Superior Court, before *Pitman*, J., who allowed a bill of exceptions, in substance as follows:

The government offered evidence tending to show that, on the day named in the complaint, the defendant, at his saloon in Boston, delivered for analysis to the complainant, a police officer, a bottle of beer, the defendant admitting that he was keeping

the beer for sale, and contending that he had the right to sell it; and that said bottle of beer was, on August 24, 1885, delivered to one Sharples, a chemist and state assayer. Sharples, being called as a witness, testified that he had been a chemist and state assayer for some time, and was accustomed to analyze liquors; that he made an analysis of the beer on the same day it was delivered to him; that he found it contained three and fifty-eight hundredths per cent of alcohol; that it was not lager beer; that the bottle was cold when delivered to him; that the putting of the beer on ice would check fermentation, and that beer so kept would not increase in alcohol, except slowly; that beer, under favorable circumstances, would or might increase in three or four days three quarters of one per cent in alcohol.

The government also introduced evidence tending to show that the beer was, in less than an hour after it was received, packed in ice, and so kept until the morning of August 24, when it was taken from the ice and delivered within a few minutes to Sharples.

The defendant introduced evidence tending to show that the beer was not intoxicating at the time of the delivery to the officer, the government contending that the beer contained more than three per cent of alcohol at the time of the keeping for sale.

The defendant contended that the government had not shown that the analysis was made according to the requirements of the statute, and asked the judge to rule as follows: "1. To convict the defendant of keeping for sale the beer in question, the government must prove, beyond a reasonable doubt, that, at the time of the keeping for sale, it contained more than three per cent of alcohol, by volume, at sixty degrees Fahrenheit. 2. The government has failed to show that the beer analyzed is within the statute, the defendant contending that there was no evidence tending to show that the beer, at the time of keeping and at the time of analysis, contained more than three per cent of alcohol, by volume, at sixty degrees Fahrenheit."

The judge gave the first instruction requested, but refused to give the second; and instructed the jury, that whether the analysis was made as required by the statute was a question for them to decide; and that if, as the case was left upon the evidence, and taking into consideration the position and experience of said

assayer, they believed that the analysis was made by Sharples, as required, and were satisfied of it, they could convict the defendant.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. L. Eldridge,* for the defendant.

*E. J. Sherman,* Attorney General, *& H. N. Shepard,* Assistant Attorney General, for the Commonwealth.

BY THE COURT. The court rightly instructed the jury, that, to convict the defendant of keeping for sale the beer in question, the government must prove beyond a reasonable doubt that, at the time of the keeping for sale, it contained more than three per cent of alcohol, by volume, at sixty degrees Fahrenheit. Pub. Sts. *c.* 100, § 27.

There was evidence which justified the jury in finding this fact. The testimony of the chemist and state assayer, who analyzed the beer taken from the defendant's stock, justified the finding that, at the time it was taken, it contained more than three per cent of alcohol, by volume, at sixty degrees Fahrenheit. It is objected that the testimony of the witness does not state that he analyzed it at sixty degrees. It appeared that the beer was delivered by the defendant to an officer for the purpose of having it analyzed, to ascertain if the defendant was violating the statute; and that the officer took it to the witness, who was a state assayer accustomed to analyze liquors, to see if the statute was violated. The jury might reasonably infer that he understood the purpose for which he was to analyze the beer; and that, in his testimony, he meant to be understood as saying that, under an analysis according to the statute, it contained three and fifty-eight hundredths per cent of alcohol.

The case was properly submitted to the jury.

*Exceptions overruled.*