## COMMONWEALTH *vs.* THOMAS KENDRICK.

Worcester.    October 1, 1888. — October 18, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Intoxicating Liquors — Analysis — Evidence.*

At the trial of a complaint for unlawfully keeping intoxicating liquors for sale, there was evidence that W. E. D., an officer of the town of N. B., after seizing bottles of beer on Saturday, took them directly to the lockup and placed them in a cell, locking the door, and retaining the only key he knew of; that on the evening of the following Monday he took out of the cell one of the bottles, a pint bottle, put it into a paper box, sealed the box, and directed it to the State assayer, and sent it to him by express; that an assistant of the assayer on the next day analyzed beer out of a pint bottle which was in a box addressed to the State assayer, the only bottle received that day; and that the beer was marked, "From W. E. D., of N. B."; but it was not stated whether the mark was on the box or on the bottle. *Held,* that there was sufficient evidence that the beer analyzed was a part of that seized to warrant the admission of evidence as to its intoxicating quality.

COMPLAINT to a trial justice, alleging that the defendant, on February 11, 1888, at North Brookfield, did unlawfully keep intoxicating liquors for sale.

At the trial in the Superior Court, on appeal, before *Sherman,* J., the jury returned a verdict of guilty, and the defendant alleged exceptions, the substance of which appears in the opinion.

*W. W. Rice & H. W. King,* (*C. M. Rice* with them,) for the defendant.

*A. J. Waterman,* Attorney General, for the Commonwealth.

KNOWLTON, J.   The only question in this case is whether the testimony of the witness Bennett, in relation to the intoxicating quality of the beer which he analyzed, was competent.

The provisions of the St. of 1882, c. 221, in regard to sending samples of liquors to the State assayer, and requiring that a certificate of an officer shall accompany the beer, are applicable only to cases where the certificate of the assayer is sought to be introduced in trials for the forfeiture of liquors, and they do not preclude the Commonwealth from showing by oral testimony that some of the liquor kept for sale has been put into the hands of a competent expert, and has been found by him to be intoxicating.   *Commonwealth* v. *Spear,* 143 Mass. 172.

The objection to the admission of the evidence in the present case rests upon the alleged insufficiency of the proof that the beer analyzed was a part of that seized upon the defendant's premises.   Wilder E. Deane, an officer at North Brookfield, testified that, after seizing the beer, he and other officers carried it directly to the lockup and put it in a cell; that he locked the door of the cell and took the key, there being no other to that door so far as he knew; that, this being on Saturday, he went to the lockup in the evening of the following Monday, which was February 13th, and took out one of the bottles of beer, a pint bottle, put it in a paper box, sealed the box, and directed it to Mr. Sharples, the State assayer, at Boston, and sent it to him · by express.   This was sufficient evidence that the beer sent was a part of that seized.   The witness Bennett was an assistant of the State assayer, and he testified that he analyzed beer on February 14th, and that it was in a pint bottle, which was in a box addressed to the State assayer, and was the only bottle received that day.   He said the beer was marked, " From Wilder E. Deane, of North Brookfield," without stating whether the mark was upon the box or upon the bottle.

The facts, that the beer was sent by a common carrier, whose methods of transportation are commonly regular and reliable, that it was received on the very day when that sent by Deane would be expected to reach its destination, that it was addressed to the·State assayer, that it was in a pint bottle, which was the only bottle received that day, and that it was marked, " From Wilder E. Deane, of North Brookfield," were sufficient to warrant the presiding judge in making a preliminary finding that it was the same delivered by Deane to the express company, and in submitting the evidence to the jury.   To make the testimony competent, it was unnecessary that the identity of the beer should be conclusively proved.   It was enough, if the judge deemed the evidence sufficient fairly to establish its identity. It then became the duty of the jury to consider the testimony, and to give weight to the statement of the witness as to the quality of the beer, or not, according as they should or should not find that the beer was a part of that kept by the defendant. Commonwealth v. Robinson, 146 Mass. 571.

If the defendant desired to raise the question whether there

was sufficient evidence in the case to warrant a verdict of guilty, he should have requested a ruling upon that point after the evidence was all in.                                    *Exceptions overruled.*