## HIATT v. STATE OF INDIANA.

[No. 23,619.   Filed May 13, 1920.   Rehearing denied October 15, 1920.]

1. CRIMINAL LAW.—*Intoxicating Liquors.—Whisky.—Judicial Notice.—Conflicting Evidence.*—In a prosecution of a defendant for the illegal sale of intoxicating liquor, particularly described in the charge as whisky, there was no error in submitting to the jury in an instruction the question of whether or not the compound alleged to have been sold was intoxicating, where there was some evidence that it was whisky, since the courts will take judicial notice that whisky is intoxicating liquor.   p. 527.

2. CRIMINAL LAW.—*Intoxicating Liquors.—Illegal Sale.—Proof.—Sufficiency.*—Under an indictment charging the defendant with the illegal sale of intoxicating liquor, particularly described as whisky, proof that the liquor sold was whisky, or that it contained more than half of one per cent. of alcohol in violation of §2, Acts 1917 p. 15, §8356a Burns' Supp. 1918, or that it was intoxicating, is sufficient to sustain such allegation.   p. 527.

3. CRIMINAL LAW.—*Intoxicating Liquors.—Alcoholic Contents.—Judicial Notice.*—Courts will not take judicial notice that a liquid is necessarily intoxicating, or that it contains more than half of one per cent. of alcohol by volume, merely because whisky is an ingredient in some proportion.   p. 527.

4. CRIMINAL LAW.—*Intoxicating Liquors.—Illegal Sale.—Instruction.*—In a prosecution for the illegal sale of intoxicating liquor, under a charge particularly describing the liquor as whisky, an instruction to the effect that, if the liquor sold contained a sufficient portion of whisky to constitute it an intoxicating liquor or compound, though there were other ingredients therein, was not erroneous as failing to charge the jury that the subject of the sale must have been found to be intoxicating liquor in order to warrant conviction, notwithstanding the failure to give the statutory definition of intoxicating liquor.   p. 528.

5. CRIMINAL LAW.—*Witnesses.—Competency of Accused.*—The testimony of accused is competent in his own behalf and is to be taken, considered, weighed and tested by the same rules affecting credibility as other witnesses in the case.   p. 529.

6. CRIMINAL LAW.—*Instruction.—Consistency and Credibility of Defense.—Province of Jury.—Harmless Error.*—In a prosecution for illegal sale of intoxicating liquor, an instruction permitting the jury, in determining the guilt or innocence of the accused, to con-

sider the consistency or credibility of his defense, though subject to criticism, was not such an intimation of the court's opinion relative to the guilt or innocence of the accused as to constitute an invasion of the province of the jury, in view of language disclaiming any opinion thereon. p. 529.

7. CRIMINAL LAW.—*Instructions.*—*Harmless Error.*—The erroneous character of an instruction does not constitute reversible error unless it was harmful to the complaining party. p. 530.

8. CRIMINAL LAW.—*Witnesses.*—*Credibility.*—The question whether the testimony of a witness is consistent or inconsistent with other facts and circumstances in evidence, is one of fact to be determined by the jury from all the evidence. p. 530.

9. CRIMINAL LAW.—*Instructions.*—*Consideration as a Whole.*— Instructions are to be considered as an entirety and not by detached portions, sentences or phrases, and. if, when so considered, ordinarily intelligent jurors would not thereby be misled as to the law and the obligations resting·upon them, or as to the method of arriving at the issuable facts upon which their verdict depends, then no harmful error can be predicated on the instructions. p. 531.

10. INTOXICATING LIQUORS.—*Illegal Sale.*—*Determination of Alcoholic Content.*—In a prosecution for the illegal sale of intoxicating liquors, §2, of the Prohibition Law, Acts 1917 p. 15, §8356a Burns' Supp. 1918, defining intoxicating liquor to mean liquor containing so much as a half of one per cent. alcohol, does not require a chemical analysis of liquor sold in order to determine whether it was intoxicating, though such method is a proper one. p. 531.

11. CRIMINAL LAW.—*Verdict.*—*Sufficiency of Evidence.*—Where there is some evidence to support a verdict of guilty, the question of the insufficiency of the evidence presents an error of fact for the trial court to correct, and not one of law for the Supreme Court. p. 532.

From Noble Circuit Court; *Luke H. Wrigley,* Judge.

.Prosecution by the State of Indiana against Alvin Hiatt. From a judgment of conviction, the defendant appeals. *Affirmed.*

*W. W. Sharpless, Henry C. Springer* and *Finley A. Nash,* for appellant.

*Ele Stansbury,* Attorney-General, *A. B. Cronk, Dale ·F. Stansbury* and. *Aladar Hamborszky,* for appellee.

MYERS, J.—In the Noble Circuit Court appellant was indicted, tried by a jury, and convicted of selling intoxicating liquor, to wit, one pint of whisky, in violation of §4, Acts 1917 p. 15, §8356a et seq. Burns' Supp. 1918. He was sentenced to pay a fine of $100 and to imprisonment at the Indiana State Farm for a period of thirty days. His motion for a new trial was overruled, and this ruling is here assigned as error.

In this court, as one of the causes in support of his motion for a new trial, appellant insists that the court erred in giving to the jury upon its own motion instruction No. 3. The instruction is of considerable length and it will only be necessary for us to refer to the claimed erroneous parts of it.

As to the first objection the instruction reads as follows: "In reference to the substance or thing sold, if there was a sale, being whiskey, it is not necessary for the state to prove that it was whiskey alone. If the compound or liquid that was sold by Hiatt to the prosecuting witness, if there was a sale, and that is for you to say, contained a sufficient portion of whiskey to constitute it intoxicating liquor, or an intoxicating beverage or compound, the burden resting on the state as to that would be satisfied, in other words, the defendant is not entitled to an acquittal simply because of the fact, if it be a fact, that there was other ingredients in the liquor or compound than whiskey, if in fact there was sufficient whiskey therein to constitute it intoxicating liquor. Neither need the state prove the exact amount of liquor sold, if any was sold."

Appellant insists that it was error for the court to leave to the jury the question of whether or not

the compound alleged to have been sold was intoxicating liquor. Under §4, *supra,* it is unlawful to sell intoxicating liquor. Section 2 of this same act defines intoxicating liquor "to mean all malt, vinous, or spirituous liquor, containing so much as one-half of one per cent. of alcohol by volume, or any other intoxicating drink, mixture or preparation of like nature; and all mixtures or preparations containing such intoxicating liquor, whether patented or not, reasonably likely or intended to be used as a beverage, and all other beverages containing so much as one-half (½) of 1 per cent. of alcohol by volume."

Alcohol is the intoxicating element in intoxicating liquor, so that, in order to make a sale of liquor an offense in this state, it must contain more than

1. one-half of one per cent. of alcohol by volume. The offense charged was the sale of intoxicating liquor particularly distinguished as whisky.

2. The courts of this state will take judicial notice that whisky is intoxicating liquor. *Schlicht* v. *State* (1877), 56 Ind. 173; *Eagan* v. *State* (1876), 53 Ind. 162; *State* v. *Barr* (1910), 48 L. R. A. (N. S.) 302, note. Consequently proof of a sale of whisky, or proof that the liquid sold was intoxicating, or that it contained more than one-half of one per cent. of alcohol, would be sufficient to sustain the charge.

Courts will not take judicial notice from the fact alone that whisky in some amount is in a certain compound, that such compound or liquid is necessarily intoxicating, or that it contains more than one-half of one per cent. of alcohol by volume. Our statute does not entirely forbid the sale of the intoxicating element which, with water and other elements, compose whisky. So in this case the

fact as to whether or not the liquid in question was intoxicating was a question for the jury, to be determined from the evidence as any other essential fact in the case.

The evidence has been certified to this court, and from that part of it most favorable to the state it appears that the liquid said to have been sold did not look like whisky, but it tasted like diluted whisky, or had whisky in it. It was not pure whisky. "Don.'t know that it was whisky only from what the defendant said at first, but immediately thereafter he gave it another name saying that it was medicine which he used in his family."

Both the prosecuting witness and the defendant were farmers, lived a short distance apart, were brothers-in-law, and at the time of the trial were hostile to each other.

With this evidence and some other minor circumstances before us we cannot say the instruction was wholly aside from the evidence, nor that the

4. jury was not given to understand that it was its duty to find that the subject of the sale was intoxicating liquor before they would be authorized to convict the defendant. However, we would suggest that the jury should have been given the statutory definition of intoxicating liquor. That was not done, nor was such an instruction requested.

In addition the instruction told the jury that: "In determining as to the guilt or innocence of the defendant, you have the right to take into account and consideration the fact as to whether or not the claim made by the defendant is consistent; you have the right to take into consideration the question as to whether the claim made by the defendant is credible

or not. In other words, in weighing the question
of guilt, you have the right to take into account, if
such be the fact, that the defense set up, is credible,
or is not credible, but whether it is or not is for you
to determine and I do not desire to indicate any opin-
ion whatever thereon, but when you have carefully
considered and canvassed the evidence, the question
for you to determine is, whether the offense averred
in the indictment is proved beyond a reasonable doubt
and if it is, you should convict the defendant and that
you should do, without reference to what the penalty
or consequence to the defendant may be, but if on the
other hand you find that the evidence is not sufficient
to convict the defendant you should just as unhesi-
tatingly acquit him.''

It is claimed that the language of the instruction
with referenec to the credibility of the defense was
erroneous, for the reason: First, that it tended to
cast a suspicion on a legitimate defense; and, second,
that it placed the burden upon the defendant to estab-
lish a credible defense.

The defense was no sale and nonintoxicating liquor.

In this state the testimony of an accused is com-
petent in his own behalf and is to be taken, consid-
ered, weighed and tested by the same rules
affecting credibility as other witnesses in the
case. *Bird* v. *State* (1886), 107 Ind. 154, 8 N. E.
14; *Unruh* v. *State, ex rel.* (1886), 105 Ind. 117, 4 N. E.
453; *McIntosh* v. *State* (1898), 151 Ind. 251, 255, 51
N. E. 354.

The language ''whether or not the claim made by
the defendant is consistent, * * * whether the
claim made by the defendant is credible or not,
* * * that the defense set up is credible,
or is not credible,'' as used in the instruction,

is justly subject to criticism, but whether this
7.   language constitutes reversible error depends
upon whether the court thereby invaded the
province of the jury by intimating its opinion as to
the credibility of the witness or weight to be given his
testimony. This is ordinarily the test. An instruction
may be subject to criticism and still not warrant a
reversal of the judgment, unless it appears that its
erroneous character was harmful to the complaining
party. *Indianapolis St. R. Co.* v. *Taylor* (1905), 164
Ind. 155, 160, 72 N. E. 1045. Immediately following
the above quoted utterances the court expressly dis-
claimed any opinion thereon, but cautioned the jurors
as to their duty after carefully considering and can-
vassing the evidence. In this case, on the one side
was the prosecuting witness and on the other, as to
all material facts, was the appellant. It was
8.   for the jury to differentiate the controlling
weight which should be accorded these wit-
nesses as measured by the settled rules for determin-
ing credibility. It does not necessarily follow that,
because the testimony of a witness is consistent or
inconsistent with other facts and circumstances in
evidence, it shall or shall not be given controlling
weight. At least that question is not one of law, but
one of fact for the jury alone, to be settled after a
consideration of all the evidence given in the cause.
True, the court may properly direct the minds of the
jurors to any particular evidence along with all other
evidence in the case applicable to the question they
are called upon to decide. But whether the claim is
"consistent" or the defense is "credible" is not for
the court.

The instructions of the court to the jury are to be
considered as an entirety, and not by detached por-

tions, sentences, or phrases, and if, when so 9. considered, ordinarily intelligent jurors would not thereby be misled as to the law and the obligations resting upon them, or the method of arriving at the issuable facts upon which their verdict depends, then no harmful error can be predicated upon the instructions. *Louisville, etc., Traction Co.* v. *Montgomery* (1917), 186 Ind. 384, 390, 115 N. E. 673; *McIntosh* v. *State, supra.*

By the instruction in question in the instant case the court must have had in mind, and the jury understood, that the questioned language was used for the purpose of calling the jury's attention, and have it consider appellant's testimony covering his claim for acquittal, or his defense to the charge made against him. "To consider evidence is one thing and to determine its weight is quite a different thing." *Strebin* v. *Lavengood* (1904), 163 Ind. 478, 494, 71 N. E. 394, 500.

The instruction contains no words from which it can be said that court gave any expression as to its views as to whether the "claim" or the "defense" interposed by appellant was consistent or not, or credible or not. That matter was left to the jury. These views obviate the reversal of the judgment on account of the instruction.

Appellant also earnestly insists that the evidence is insufficient to support the verdict. In support of this contention he submits a persuasive argu- 10. ment on the theory that §2, *supra,* defines intoxicating liquor by fixing the portion of alcohol required to make liquid intoxicating and within the statutory prohibition. He argues that the presumption of innocence in this class of cases should

not be left to uncertainties, but should be overcome only by a chemical analysis of the liquid in question. That was not done in this case. Appellant cites Black, Intoxicating Liquor §522, and *Commonwealth* v. *Magee* (1886), 141 Mass. 111, 4 N. E. 819, to sustain his contention.

True, Black says: "Where the statute provides that all liquors containing more than a certain proportion of alcohol shall be deemed intoxicating, the proper method of showing the intoxicating character of a particular beverage in question is by the results of a chemical analysis." In the Magee case, the court held that the testimony of the chemist who analyzed the liquid in question in that case was sufficient to sustain the court's action in submitting the case to the jury. The authorities thus cited characterize certain evidence as being the proper and sufficient method of proving the intoxicating character of a particular beverage, and, while we affirm that announcement, yet we have already suggested other methods by which this proof might be as satisfactorily made.

Turning to the instant case, it can be said that the evidence on the question of a sale is in square conflict. The evidence tending to show the intoxicating character of the liquor alleged to have been sold is not at all satisfactory. We have heretofore in this opinion noticed practically all of the evidence on this latter subject from which the jury evidently found that the liquor contained alcohol in excess of the amount allowed by statute. There was evidence that the liquor tasted like diluted whisky, and that appellant at first called it whisky. This evidence and some minor circumstances are sufficient to

present an error of fact for the trial judge alone to correct. *Deal* v. *State* (1895), 140 Ind. 354, 360, 39 N. E. 930. There being some evidence to support the verdict, the present question is not one of law, and for that reason we are not at liberty to disturb the judgment.

Judgment affirmed.