SLOAN v. STATE OF INDIANA.

[No. 24,340. Filed November 16, 1923.]

1. INTOXICATING LIQUORS.—*Evidence.*—*Judicial Knowledge.*— *"White Mule Whisky."*—In a prosecution for violation of the Prohibition Act (Act 1921 p. 736, §8356d Burns' Supp. 1921) there was evidence that there was found on defendants premises "white mule whisky," *held* not necessary to prove the liquor

contained more than one-half of one per cent. alcohol, as the courts take judicial notice that whisky is intoxicating liquor; "white mule" is an appellation meaning contraband liquor. p. 628.

2. INTOXICATING LIQUORS.—*Keeping in Dry Beer Saloon.—Inference.*—Proof of keeping whisky in a dry beer saloon is sufficient to support an inference of intent to sell or otherwise dispose of it unlawfully. p. 628.

From Marion Criminal Court (53,995); *James A. Collins,* Judge.

Prosecution by the State of Indiana against Robert Sloan. From a judgment of conviction, the defendant appeals. *Affirmed.*

*R. M. Coleman,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

TRAVIS, J.—The appellant was charged with having unlawfully kept, and with having in his possession intoxicating liquor with intent to sell, barter, exchange, give away, furnish, and otherwise dispose of the same in violation of the statute. Acts 1921 p. 736, §8356d *et seq.* Burns' Supp. 1921. The court trying the cause without the intervention of a jury, made a general finding of guilty upon which a judgment of a fine and imprisonment was rendered.

The errors assigned are each founded upon the insufficiency of the evidence to sustain the finding, and rely upon two propositions for the lack of any evidence: (a) that the intoxicating liquor was kept for sale; and (b) that it contained one-half of one per cent. of alcohol in volume, or that the liquor found was intoxicating liquor.

Two police officers of the city of Indianapolis stopped and alighted from an automobile in front of the dry

beer saloon owned and operated by appellant. While they were alighting from the automobile, one Nokes, who was the bartender for appellant, came to the front door, and when the police officers started for the entrance to the saloon, Nokes turned and ran, and the police officers ran after him. When the policemen entered the door of the saloon Nokes was behind and running toward the farther and north end of the bar, at which time he had a glass in his hand. By the time the officers caught up with him he was pouring the contents of the glass into a sink that emptied into the sewer. One of the policemen reached the bartender when all but about one-half inch in depth of the contents of the glass had been poured out, and grabbed it from him, which contents, upon further proof, was "white mule" whisky. Upon a search of the premises, with the consent of appellant, no more whisky was found, but a new basket of empty pint bottles, some of which had new corks in them, were found just outside the rear door of the building in the yard. This building had formerly for many years been used as a saloon, and at the time of the arrest was used as a dry beer saloon with a restaurant in the rear end. Appellant had in his employ at the time, three men—the bartender, a cook, and another. Appellant, testifying in his own behalf denied that he knew that the whisky that was being poured out by the bartender was in the saloon, and there was not now, and had not been any intoxicating liquor in the saloon for sale, and that the basket of whisky bottles found outside the rear door had been picked up by his bartender who had sold, but not yet delivered them.

At the end of the evidence introduced by the state appellant moved that he be discharged, for the reasons that the state had failed to show that the liquor found

contained more than one-half of one per cent. of alcohol, and that there was no evidence showing possession or sale.

Not only the evidence of both officers who testified for the state, but also the evidence of appellant, admitted that the liquor which was being poured out into the sink was "white mule" whisky. Under this evidence it was not necessary, in order to sustain the finding of guilty that proof be made of the content of alcohol of the liquor taken by the officers, for the reason that the courts of this state take judicial notice that whisky is intoxicating liquor. The words "white mule" qualifying the real name of the liquor, are really an appellation meaning contraband liquor, and in no way affect the understanding of the name "whisky," which would make it necessary in order to convict to have further proof that whisky thus described is intoxicating liquor. The proof that the liquor was "white mule" whisky was sufficient proof that it was intoxicating.

The proof of the keeping of the whisky in the dry beer saloon was in itself sufficient to support an inference of the intent to sell or otherwise dispose of it unlawfully. *Peto* v. *State, ante* 103. It is held that the evidence is sufficient to prove that the liquor found and taken by the officers was whisky, and that it was intoxicating liquor, and that it was being kept by appellant for the purpose of unlawfully disposing of the same.

The reasons for the motion to be discharged at the end of the state's evidence included the reasoning by appellant to support his claim that the evidence is insufficient to support the finding.

Judgment affirmed.