COMMONWEALTH *vs.* LENA STOLER.

Suffolk.    January 10, 1927. — April 5, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Intoxicating Liquor.    Evidence,* Competency, Certificate by State analyst.

At the trial of a complaint charging that the defendant unlawfully did
expose and keep for sale intoxicating liquor, with intent unlawfully to
sell the same, a certificate on the form set out in G. L. c. 138, § 55,
showing that liquor seized on the defendant's premises was of an
alcoholic content prohibited by statute, is admissible under § 54 as
amended by Sts. 1921, c. 495; 1922, c. 22, although, in the certificate
accompanying the transmission of a sample to the department of public
health, a police sergeant, who was not present at the seizure but who
received the liquor from a police officer who made the seizure, in
accordance with a practice of the police of the city where the seizure
was made stated that he, the sergeant, had made the seizure.

COMPLAINT, received and sworn to in the Municipal Court
of the City of Boston on August 21, 1926, charging that the
defendant unlawfully did expose and keep for sale intoxicat-
ing liquors, with intent unlawfully to sell the same.

On appeal to the Superior Court, the complaint was tried

before *Mahoney*, J., a judge of a district court sitting in the Superior Court under Sts. 1923, c. 469; 1924, c. 485; 1926, c. 285. Material evidence, and the defendant's only exception, are stated in the opinion. The defendant was found guilty and alleged exceptions.

*R. J. Hartford*, (*T. P. Diggins* with him,) for the defendant.

*D. J. Lyne*, Assistant District Attorney, for the Commonwealth.

WAIT, J. The only question raised by this bill of exceptions is, whether certain certificates purporting to be made by the assistant analyst of the department of public health were properly admitted in evidence to show the alcoholic content of liquor alleged to have been kept unlawfully and exposed for sale by the defendant with intent unlawfully to sell it.

There was evidence that a police officer, one Conroy, seized liquor on the defendant's premises and delivered it to the sergeant, Curran, in charge of the liquor squad of his station; that Curran on the same day transmitted samples of the liquid to the department of public health with letters of transmission substantially in the form of certificate set out in G. L. c. 138, § 55, declaring that it was seized by him on August 20, 1926, from Lena Stoler, 33 Dover Street, requesting that the percentage of alcohol be ascertained and a certificate upon an annexed form be returned to him, and giving his name and address. Certificates upon the forms annexed were returned, showing analyses made August 21, 1926, which disclosed percentages of thirty-three per cent and thirty-three and six tenths per cent of alcohol by weight in the samples at sixty degrees Fahrenheit. There was evidence that it is the practice of the police of Boston that officers who make seizures of liquor turn it over to the sergeant in charge of the liquor squad who prepares the certificate to be sent to the department of public health with the liquor to be analyzed, asserts in the certificate that the seizure was made by him although, in fact, made in his absence and by another officer, and does not set out the name and address of the officer who actually took the liquor.

The analyst or assistant analyst of the department of

public health, if the department is satisfied that the analysis requested is to be used in connection with the enforcement of the laws of the Commonwealth, is required by G. L. c. 138, § 54, as revised by St. 1921, c. 495, and amended by St. 1922, c. 22, to make analysis "of all liquors sent to it by the licensing board of any city, the selectmen of any town or by police officers authorized by law to make seizure of liquors," and to return as soon as may be a certificate of the percentage of alcohol in the samples by weight at sixty degrees Fahrenheit. The statute provides that "Such certificate shall be *prima facie* evidence of the composition and quality of the liquors to which it relates, and the court may take judicial notice of the signature of the analyst or the assistant analyst, and of the fact that he is such."

By G. L. c. 138, § 55, it is provided that "A certificate shall accompany each sample of liquor sent for analysis by an officer to the department of health stating by whom the liquor was seized, the date of the seizure and the name and residence of the officer who seized said liquor." Section 55 requires the department to note upon the certificate the date of receipt and the analysis of the liquors and the percentage of alcohol; and it provides that the certificate "may be" in a form which follows. By § 56, a certificate substantially in the form set out "shall be admitted as evidence on trials for the forfeiture of intoxicating liquors as to the composition and quality of the liquors to which it relates."

The defendant contends that the requirements of § 55 are mandatory with regard to liquors transmitted for examination under § 54 as amended and revised; and that, consequently, the failure to assert seizure by officer Conroy and to give his name and address, in the letters of transmission requesting the certificates here offered in evidence, deprives the certificates of the evidentiary character that certificates which complied strictly with the statute would possess.

The provisions of law in regard to the certificate and its contents now embodied in §§ 55, 56, 57, and 58, were first enacted in St. 1882, c. 221. That statute, entitled "An Act to Regulate the Inspection and Analysis of Intoxicating Liquors," by § 3 required the Secretary of the Common-

wealth to provide and supply the forms prescribed, and made the certificate of the inspector and assayer admissible in evidence on trials for the forfeiture of intoxicating liquors; but made no other provision for the use of the certificate. See *Commonwealth* v. *Kendrick*, 147 Mass. 444. The proceeding before us is not for forfeiture of liquors and we need not determine whether exact compliance is essential to the use of the certificate in forfeiture proceedings. The broad authority for use in evidence of a certificate from the authorized maker of the analysis arises under § 54, which provides that his certificate shall be *"prima facie* evidence of the composition and quality of the liquors to which it relates," and was first enacted in St. 1875, c. 99, § 21. The acts of 1875 and of 1882 differ in purpose. The analysis provided for by St. 1875, c. 99, § 11, is made, apparently, to enable licensing boards to determine whether holders of licenses are living up to the requirement which forbade sales of liquor that is not "of good quality, and free from adulteration." The analysis contemplated by St. 1882, c. 221, is made to aid in securing forfeiture of liquor which has been seized.

No case is called to our attention, and we find none, which passes upon the admissibility in evidence, as proof of the alcoholic content of liquor seized, of the certificate provided for by the act of 1875 and its subsequent reënactments, in a trial for infractions of the liquor law, before it appeared as G. L. c. 138, § 54. In *Commonwealth* v. *Magee*, 141 Mass. 111, *Commonwealth* v. *Kendrick*, *supra*, and *Commonwealth* v. *Brelsford*, 161 Mass. 61, the State assayer or an assistant was called by the prosecution to prove the alcoholic content disclosed by the analysis.

Any doubt which might arise in regard to the admissibility of the certificate, however, is now removed; for § 54 of G. L. c. 138, was amended by St. 1921, c. 495, and St. 1922, c. 22, so that the certificate of the analyst or assistant analyst, which can be obtained only for use in enforcing the laws of the Commonwealth, is now made *prima facie* evidence. Its language, hereinbefore quoted, is manifestly intended to apply to all proceedings in court for vindication of the liquor laws.

*Commonwealth* v. *Slavski*, 245 Mass. 405, dealing with facts which arose since the amendments took effect, has decided that G. L. c. 138, § 54, is constitutional. No question was raised in that case of the admissibility of the certificates there presented if the statute authorizing their use in evidence was constitutional. The question of admissibility is presented here. Section 54 makes no requirement that the form used in transmission shall set out the name and address of the officer who actually makes the seizure. It is immaterial whether the officer authorized by law to make seizures of liquor who transmits the sample for analysis, acted in person or through others in seizing the liquor. The essential thing at the trial is, that the samples sent be shown to be part of the liquor seized. There was evidence for the jury to consider on this identity; and the judge was right in admitting the certificates to show the alcoholic content of the liquor seized and that it was intoxicating liquor within the statute definition.

*Exceptions overruled.*