## GROSE *v.* STATE OF INDIANA.

[No. 25,620.   Filed April 3, 1930.]

*Ira M. Holmes,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Lesh & Lowther,* for the State.

WILLOUGHBY, J.—This prosecution was upon an indictment charging the unlawful transportation of intoxicating liquor.  The charging part of the indictment is as follows:  "Thàt John F. Grose, on or about the

8th day of March, 1927, at and in the county of Marion, and State of Indiana, did then and there unlawfully, knowingly and feloniously transport intoxicating liquor in an automobile within the county and state aforesaid."

Appellant waived arraignment and entered a plea of not guilty. The cause was tried by the court without the intervention of a jury. The court found appellant guilty and that he be fined in the sum of $100 and costs and that he be imprisoned in the Indiana State Prison for a term of not less than one nor more than two years. A motion for a new trial was made and overruled and judgment was rendered on the finding of the court, and from such judgment this appeal is taken.

Appellant's only assignment of error is that the court erred in overruling appellant's motion for a new trial. The first cause assigned for a new trial is "that the court erred in permitting the witness, Erwin Bailey, to testify to the search of defendant's automobile and seizure of an alleged container and contents alleged to be intoxicating liquor, said container and contents not having been offered in evidence and not being before the court."

Appellant has set out in his brief what he terms "a concise recital of the evidence in the case," and this recital ends with the statement, "and this was all of the evidence given in this cause."

The testimony of the witness Erwin Bailey, as set out in appellant's brief, does not show that the automobile was searched at all and does not show that there was any seizure of an alleged container and contents. Such evidence does show that on March 9, 1927, appellant was arrested for violating a traffic ordinance; that he was arrested by a traffic officer, the witness Bailey. The traffic officer, Bailey, who arrested him, testified as follows: "The appellant was driving the car and turned to the left against the signal on Illinois Street. He came up Kentucky Avenue. After he made a

left turn I blew the whistle and stopped him. I started to go up to the appellant's car and when I got about 15 or 20 feet from the car he drove ahead. I caught a car behind him and caught appellant at Ohio and Illinois Streets and ordered him to the curb. I arrested him for disobeying the traffic signal. When I got him out of the car, I saw a half pint of 'white mule' whisky in the seat. The bottle of whisky was right in the bottom of the seat down on the cushion. The car was a Ford coupe. After I found the bottle, I smelled of it and it was white mule whisky."

There is nothing in appellant's brief to show that there was any evidence in the case showing a search of appellant's car, and nothing was taken out of the car except a bottle of "white mule" whisky.

Appellant also claims that the evidence is insufficient to show that the liquor found in the car was intoxicating liquor, but the evidence of the witness, Bailey, ■■ is to the effect that when he got appellant out of the car at the time of the arrest for violation of the traffic law, he saw a half-pint bottle of "white mule" whisky on the cushion of the automobile seat. Evidence that the liquor was "white mule" whisky sufficiently establishes that it was intoxicating liquor. The court has judicial knowledge that "white mule" whisky is intoxicating liquor. *Hiatt* v. *State* (1920), 189 Ind. 524, 127 N. E. 277; *Hogan* v. *State* (1921), 191 Ind. 675, 133 N. E. 1.

In *Sloan* v. *State* (1923), 193 Ind. 625, 141 N. E. 321, it is held that "white mule" whisky is an appellation meaning contraband liquor. The court in that case said: "At the end of the evidence introduced by the state appellant moved that he be discharged, for the reasons that the state had failed to show that the liquor found contained more than one-half of one per cent of

alcohol, and that there was no evidence showing possession or sale.

"Not only the evidence of both officers who testified for the state, but also the evidence of appellant, admitted that the liquor which was being poured out into the sink was 'white mule' whisky. Under this evidence it was not necessary, in order to sustain the finding of guilty that proof be made of the content of alcohol of the liquor taken by the officers, for the reason that the courts of this state take judicial notice that whisky is intoxicating liquor. . . . The proof that the liquor was 'white mule' whisky was sufficient proof that it was intoxicating."

The evidence is sufficient to sustain the finding of the court, and the finding is not contrary to law.

The judgment is affirmed.