CRIDER *v.* STATE OF INDIANA.

[No. 26,183. Filed October 31, 1934.]

*Fred N. Fletcher,* for appellant.

*James M. Ogden,* Attorney-General, and *Merl M. Wall,* Assistant Attorney-General, for the State.

ROLL, J.—This was a criminal prosecution instituted against the appellant by affidavit in two counts filed originally in the city court of the city of Bloomington, Indiana, charging him with the sale of intoxicating

liquor in the first count of said affidavit, which is based on §2717, Burns 1926, Acts 1925, p. 144, §4, and with maintaining a nuisance in the second count of the affidavit, which is based on §2740, Burns 1926, Acts 1925, p. 144, §24. After he was convicted in that court on both counts he appealed to the Monroe circuit court. There was a trial by the court with the intervention of a jury, resulting in a finding that the appellant was guilty as charged in the first count of the affidavit and not guilty as charged in the second count of the affidavit and judgment was rendered on such finding. From the judgment so rendered this appeal was prosecuted.

Appellant filed his written motion for a new trial in said cause, which motion was overruled by the court.

The only errors assigned for reversal are: (1) Error of the court in overruling appellant's verified motion for a change of venue from the trial judge; (2) error of the court in overruling appellant's motion for a new trial.

The first error urged by appellant is the overruling of his verified motion for a change of venue from the trial judge. This alleged error has been improperly assigned as an independent error in appellant's assignment of errors and under his Points and Authorities and therefore presents no question to this court. A ruling by the trial court upon a motion for a change of venue from the trial judge is cause for a new trial under Cl. 1, §2325, Burns 1926, §9-1903, Burns 1933, and not as an independent assignment of error. *Walb* v. *Eshelman* (1911), 176 Ind. 253-260, 94 N. E. 566; *Burns* v. *State* (1922), 192 Ind. 427, 136 N. E. 857; *Wilson* v. *Johnson* (1896), 145 Ind. 40, 38 N. E. 38, 43 N. E. 930.

The second error urged by appellant is the overruling of his motion for a new trial. The only point made by

appellant under this alleged error is that the verdict of the jury is not sustained by sufficient evidence and is contrary to law. In determining this question the court cannot weigh the evidence and must sustain the verdict unless there is a total failure of evidence as to some essential element of the offense. In support of this alleged error appellant insists the evidence does not show a sale of intoxicating liquor containing one-half of one per cent alcohol by volume. The evidence most favorable to the state is to the effect that Earl Chew testified on direct examination that he knew intoxicating liquor when he saw it and smelled it and that it was his opinion that the liquor in the bottle before him was intoxicating. Proof that the liquid in question was intoxicating liquor or that it contained as much as one-half of one per cent of alcohol by volume was sufficient to sustain the charge. *Hiatt* v. *State* (1920), 189 Ind. 524, 127 N. E. 277; *Guetling* v. *State* (1926), 198 Ind. 284, 152 N. E. 166.

There is some evidence to sustain every material allegation in the first count of the affidavit upon which appellant was found guilty. The verdict of the jury was sustained by sufficient evidence and was not contrary to law.

Judgment affirmed.