DILLON v. STATE OF INDIANA.

[No. 23,605.   Filed November 26, 1919.]

1. STATUTES.—Subjects and Titles.—Prohibition Act.—The Prohibition Act, Acts 1917 p. 15, §8356a et seq. Burns' Supp. 1918, is not violative of Art. 4, §19, of the Constitution on the ground that the title is not broad enough to cover the penalty provision in §4.   p. 604.

2. CRIMINAL LAW.—Appeal.—Motion in Arrest.—Ambiguity.— The defendant's assertion that the purported paper termed the affidavit is not an affidavit, because it was stamped with a rubber stamp by the officer administering the oath, presents no question for review, it being ambiguous, uncertain and meaningless.   p. 605.

3. CRIMINAL LAW.—Evidence.—Conclusion.—Harmless Error.— In a prosecution for the violation of the Prohibition Act, Acts 1917 p. 15, §8356a et seq. Burns' Supp. 1918, where the evidence in behalf of the defendant showed conclusively that a bottle contained intoxicating liquor, the statement of a witness for the state that the bottle contained whisky, if improper as a conclusion, was harmless.   p. 605.

4. CRIMINAL LAW.—Intoxicating Liquors.—Opinion Evidence.— In a prosecution for keeping intoxicating liquors with intent to sell, etc., in violation of the Prohibition Act, Acts 1917 p. 15, §8356a et seq. Burns' Supp. 1918, testimony of a witness that a bottle found in the defendant's possession contained whisky, which he knew by the odor, was admissible as an opinion of the witness.   p. 605.

5. CRIMINAL LAW.—Appeal.—Evidence.—Weight.—Where there was some evidence to support a conviction, the court on appeal will neither disturb the judgment, nor rule, as a matter of law, that the judgment is contrary to law, on the ground of insufficiency of the evidence.   p. 606.

From Marion Criminal Court (23,605); *James A. Collins*, Judge.

Prosecution by the State of Indiana against Thomas Dillon. From a judgment of conviction, the defendant appeals. *Affirmed.*

*J. Herbert Hartman* and *William H. Faust*, for appellant.

*Ele Stansbury*, Attorney-General, and *Dale F. Stansbury*, for the state.

MYERS, J.—Appellant was by affidavit charged, tried and convicted in the Marion Criminal Court of keeping intoxicating liquors with intent to sell, barter, exchange, give away, furnish or otherwise dispose of the same, in violation of §4 of an act approved February 9, 1917, Acts 1917 p. 15, §8356d Burns' Supp. 1918. The affidavit contained eight counts, to each of which a motion to quash was addressed and sustained to all except the second and third, and as to these it was overruled. Appellant was convicted as charged in the second count; therefore we shall give no attention to the third.

The overruling of appellant's motion to quash count 2 is assigned as error. In support of this assignment he insists that the penalty provision of §4 of the aforesaid act is unconstitutional, in that the title thereof is not broad enough to cover such penalty provision as required by Art. 4, §19, of the Constitution of Indiana. Under the rulings of this court appellant's insistence in this respect must be denied. *Republic Iron, etc., Co.* v. *State* (1902), 160 Ind. 379, 383, 66 N. E. 1005, 62 L. R. A. 136; *Board, etc.* v. *Scanlan* (1912), 178 Ind. 142, 145, 98 N. E. 801; *Sansberry* v. *Hughes* (1910), 174 Ind. 638, 642, 92 N. E. 783.

Appellant next insists that the trial court erred in overruling his motion in arrest of judgment. To sustain this motion, he earnestly contends that the second

count of the affidavit fails to state facts sufficient to constitute a public offense, for the reason that the title of the act under which the affidavit is drawn has no reference to the penalty provision in §4, and therefore that portion of the section is within the constitutional inhibition of Art. 4, §19, of our Constitution. We have already seen that appellant's position in this particular cannot be sustained.

He further supports this motion by asserting that "the purported paper being termed the affidavit in this cause is not an affidavit at all, for the reason that the

2.  same is stamped with a rubber stamp by the officer who is supposed to have administered the oath." This assertion, because of its ambiguity, uncertainty, and meaninglessness, presents no question.

Appellant's motion for a new trial was overruled, and this ruling is assigned as error. As a cause for a new trial he claims, first, that the court erred in per-

3.  mitting a witness for the state on direct examination to testify that the contents of a certain half-pint bottle in evidence was whisky. The objec-

4.  tion urged was that the question called for a conclusion. To a further question as to how he knew that it was whisky, he answered, "by the smell—odor." If it could be said that this question and the answer thereto was improper, no harm to appellant could possibly have resulted therefrom, for the reason that appellant by evidence introduced in support of his defense proved positively that this same bottle contained whisky. However, the evidence was properly admitted. The charge in this case was keeping intoxicating liquors with intent to sell, etc. As whisky is intoxicating liquor, witness was entitled to give his opinion as to what the liquid was that was found in appellant's possession as tending to prove the charge.

The further cause relied upon is that the decision of

the court is not supported by sufficient evidence; and that it is contrary to law. We have carefully read the evidence as disclosed by the record, and from which we conclude that there is some evidence to support the decision. This being true, this court cannot disturb or set aside the judgment of the trial court for the want of evidence, or rule, as a matter of law, that the decision was contrary to law on account of the evidence.

Judgment affirmed.

NOTE.—Reported in 125 N. E. 37.