### ZOLLER v. STATE OF INDIANA.

[No. 23,608. Filed February 6, 1920.]

1. INDICTMENT AND INFORMATION.—*Language of Statute.—Sufficiency.*—Where a count in an affidavit charging a violation of §4, Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1918, was substantially in the language of the statute, motions to quash and in arrest, urging solely the unconstitutionality of the act, were properly overruled, the act being constitutional. p. 117.

2. CRIMINAL LAW.—*Affidavit.—Jurat.—Signature. — Sufficiency. — Motion in Arrest.*—The sufficiency of the signature of the deputy prosecuting attorney, affixed by means of a rubber stamp, is not properly presented by a motion in arrest, in view of §2159 Burns 1914, Acts 1905 p. 584, §283. p. 117.

3. CRIMINAL LAW.—*Affidavit.—Jurat.—Signature. — Sufficiency. —* Where a prosecuting officer attached his signature to the jurat of an affidavit by means of a rubber stamp, it was just as much his signature as if he had signed it with pen and ink. p. 117.

4. CRIMINAL LAW.—*Affidavit.—Signature by Stamp.—Presumption.*—Where a prosecuting officer's signature is attached to the jurat of an affidavit by means of a rubber stamp, the presumption is that it was attached by his authority. p. 117.

5. CRIMINAL LAW.—*Evidence.*—*Admissibility.*—*Acts Preceding Date Alleged.*—In a prosecution for violation of the Prohibition Act, Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1918, it was competent for the state to prove that certain events connected with the crime took place on the day preceding the date alleged in the affidavit, since the state could prove that the offense was committed within two years immediately preceding the filing of the affidavit, under §1890 Burns 1914, Acts 1905 p. 584, §23.  p. 117.

6. CRIMINAL LAW.—*Witnesses.*—*Experts.*—*Intoxicating Liquors.*—
In a prosecution for the violation of the Prohibition Act, Acts 1917 p. 15, §8356a *et seq.* Burns' 1918, it was not error to permit an officer to testify that liquid contained in bottles found in the defendant's car was whisky, though the bottles were not introduced in evidence, in view of his statement that one of the bottles broke, spilling the liquid, and that he knew 'from the smell of the liquid that it was whisky, it not being necessary that he qualify as an expert to make such testimony competent.  p. 118.

7. INTOXICATING LIQUORS.—*Evidence.*—*Sufficiency.*—*Intent to Sell.*—In a prosecution for having possession of intoxicating liquors with intent to sell, etc., in violation of Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1918, the uncontradicted testimony of an officer that the defendant stated at the time of his arrest that he thought he could make some money on the whisky was sufficient to show an intent to sell it.  p. 118.

From Marion Criminal Court (49,438).

Prosecution by the State of Indiana against Walter Zoller.  From a judgment of conviction, the defendant appeals.  *Affirmed.*

*J. Herbert Hartman* and *William H. Faust,* for appellant.

*Ele Stansbury,* Attorney-General, and *A. B. Cronk,* for the state.

WILLOUGHBY, J.—The appellant was convicted of having intoxicating liquor in his possession with intent to sell, barter, exchange, give away, and otherwise dispose of the same to persons within the State of Indiana in violation of §4, ch. 4, Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1918, known as the Pro-

hibition Law. The case was first filed in the city court of Indianapolis, Indiana, where the appellant was convicted. He appealed from the judgment of the city court to the Marion Criminal Court, where he was again tried and convicted. The affidavit was in five counts, and in the Marion Criminal Court the defendant made separate and several motions to quash each count thereof. The motion was sustained as to the first, fourth and fifth counts, and was overruled as to the second and third counts. The cause was submitted for trial upon appellant's plea of not guilty to the second and third counts. The trial was by the court without a jury, and the court found defendant guilty on the second count of the affidavit, and his punishment was fixed at a fine in the sum of $100 and costs, and imprisonment at the Indiana State Farm for a term of ninety days.

The appellant filed a motion in arrest of judgment assigning as cause therefor that the facts stated in the affidavit and in the second count thereof did not constitute a public offense for the reason that the Prohibition Act, ch. 4, Acts 1917 p. 15, *supra,* is unconstitutional, and also that the affidavit in this case is not an affidavit, because the name of the officer before whom the affidavit was sworn is affixed to the jurat of the affidavit with a rubber stamp. This motion was overruled and the defendant excepted. Appellant filed a motion for a new trial, which was overruled, and appellant excepted. The court then entered judgment on the finding, and from such judgment the defendant appeals, and alleges that the court erred in overruling appellant's motion to quash the second count of the affidavit, and in overruling appellant's motion in arrest of judgment, and in overruling appellant's motion for a new trial.

The second count of the affidavit is based upon §4 of the Prohibition Act, *supra,* and was substantially in the language of the statute. The objection to this count is that the Prohibition Law is unconstitutional. No other objection is urged. In the case of *Schmitt* v. *Cook Brewing Co.* (1918), 187 Ind. 623, 120 N. E. 19, 3 A. L. R. 270, this court held that the Prohibition Act is constitutional. The court did not err in overruling the motion to quash this count of the affidavit. The motion in arrest of judgment was based upon the alleged unconstitutionality of the act in question, and such motion was therefore properly overruled.

The question of the sufficiency of the rubber stamp signature of the deputy prosecuting attorney to the jurat of the affidavit is not properly presented by a motion in arrest of judgment. §2159 Burns 1914, Acts 1905 p. 584, §283. *Knight* v. *State* (1882), 84 Ind. 73; *Lay* v. *State* (1913), 180 Ind. 1, 102 N. E. 274.

However, it is not necessary to the validity of a signature to a jurat that it be made with pen and ink or any other specific instrument. If the officer attached his signature by means of a rubber stamp, it was just as much his signature as if he had made it with pen and ink, and, the name of the prosecuting attorney being attached to the jurat, the presumption is that it was so appended by his authority. *Hamilton* v. *State* (1885), 103 Ind. 96, 2 N. E. 299, 53 Am. Rep. 491.

In the motion for a new trial the appellant claims that the court erred in permitting a witness, officer Pressley, to testify that certain events connected with the crime took place on February 24, 1919, whereas the affidavit alleges that the

crime was committed on February 25, 1919; also that the court erred in permitting the same witness to testify that the contents of the bottles found in the defendant's car was whisky when the bottles were not introduced in evidence, and no showing was made that the witness was qualified to testify as an expert on the subject.

In this case it was competent for the state to prove that the offense was committed within two years immediately preceding the filing of the affidavit. §1890 Burns 1914, Acts 1905 p. 584, §23.

6. The witness Pressley testified that one of the quart bottles fell on the concrete floor and broke, spilling the contents, and that he knew from the smell of the liquid that it was whisky. It was not necessary that he should qualify as an expert in order to make this testimony competent.

Appellant also alleges that the finding of the court is contrary to law, and that the finding of the court is not sustained by sufficient evidence.

7. The evidence discloses that one Richard Pressley, motorcycle officer, arrested the defendant, Walter Zoller, on February 24, 1919; that he, appellant, was in an automobile in which he had a lot of gunnysacks filled with something. He stopped the car at Rural and Washington streets, city of Indianapolis, in the State of Indiana, and the officer asked him if he had a load of booze on, and he said "Yes." The officer then told him to drive to headquarters, where the goods were unloaded. The goods consisted of 176 quarts of whisky and twenty-four half-pints. The defendant at that time said to the officer that he was out to look about buying some horses, and he met a machine, wagon, or something

broken down, and it was loaded with whisky. It was offered to him for $250, and he thought he could make some money on it, and he bought it and brought it in.

The defendant introduced no evidence. The testimony of the officer is not disputed. The defendant's statement that he thought he could make some money on the whisky, we think, shows an intention on his part to sell it. No other reasonable construction can be put on such statement. There is some evidence to sustain every material allegation in the second count of the affidavit upon which the defendant was found guilty. The finding is therefore sustained by sufficient evidence, and the judgment is not contrary to law.

Judgment affirmed.

Harvey, J., absent.