SHELTON v. STATE OF INDIANA.

[No. 23,888.   Filed October 25, 1921.]

1.  CRIMINAL LAW.—*Nuisance.*—*Affidavit Charging More Than
One Offense.*—In a prosecution for violation of §20 of the Pro-
hibition Act (Acts 1917 p. 15, §8356a *et seq.* Burns' Supp.
1918) under a count in an affidavit charging more than one
offense, the defendant can be found guilty of any one of them.
p. 231.

2.  INTOXICATING LIQUORS.—*Nuisance.—Evidence.—Sufficiency.*—
In a prosecution for violation of §20 of the Prohibition Act
(Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1918) proof that
the defendant maintained the place where persons were per-
mitted to resort for the purpose of drinking intoxicating liquors
as a beverage, was sufficient. p. 231.

3.  CRIMINAL LAW.—*Intoxicating Liquors.—Opinion.—Evidence.*
—In a prosecution for violation of §20 of the Prohibition Act
(Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1918) testimony
that a pitcher found in defendant's possession contained whisky,
which they knew from their sense of smell, was properly ad-
mitted. p. 231.

From Marion Criminal Court (51,027) ; *Fremont Al-
ford,* Special Judge.

Prosecution by the State of Indiana against Ollie S.
Shelton. From a judgment of conviction, the defend-
ant appeals. *Affirmed.*

*Dan Brown, Jr.,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward
Franklin White,* for the state.

TRAVIS, J.—This is a prosecution for violation of §20,
(which defines a common nuisance), chapter 4, Acts
1917 p. 15, §8356a *et seq.,* Burns' Supp. 1918; popularly
known as the "Prohibition Law."

There was a trial upon an affidavit originally in four
counts, the first and fourth of which had been dismissed,
which resulted in a verdict of guilty upon the third
count. Appellant moved for a new trial, for the rea-
sons that the verdict was not sustained by sufficient evi-
dence, was contrary to law, and contrary to the law
and the evidence. The motion was overruled and this
appeal taken.

The offense as charged by count three was that ap-
pellant unlawfully maintained and assisted in maintain-
ing a common nuisance: a room and place where
intoxicating liquors were kept for sale, barter and de-
livery, in violation of law; and where persons were per-

mitted to resort for the purpose of drinking, etc. This section of the statute sets forth several ways by which it may be violated, each of which is sufficient within itself, and count three sets forth two of them, either of which is sufficient to base a verdict upon.

Much of the evidence in support of the charge made by count three was, undisputed. Appellant maintained a dry beer saloon and a restaurant in separate but adjoining rooms, with an open doorway in the wall that divided them. She was found by the squad of police officers, in the restaurant, or in the small part of the room used for a kitchen, together with two other women and four men, all of whom were standing around a table, upon which was a pitcher. When the officer who was in charge of the squad approached, appellant took up the pitcher and started to go around the table with it, the officer after her. He seized her arm which was free and attempted to seize her other arm, when she turned the pitcher over and drained out its contents but four or five drinks, before the officer got it away from her. The liquid in the pitcher, and that poured on the floor from the pitcher was moonshine whisky, as testified to by each of the officers, and by the judge of the municipal court, before whom this case was first tried; and the officers testified that the occupants of the place had been drinking moonshine whisky. The appellant produced testimony by two of the persons found there by the police, that the pitcher contained ice water, and that one of them prepared it that evening. Appellant testified that she had occupied the premises but a few days, and that the pitcher was there when she moved there, and that she used the so called kitchen as a dining room for herself and family, and her help.

Upon this evidence the jury rendered its verdict.

The sole point made by appellant is, the evidence was

insufficient to sustain the verdict, and if so, the verdict is contrary to law.

Appellant contends that there is but one offense charged by count three, and says that proof must be conclusive that the liquor was kept in the room 1. for sale, barter or delivery in violation of law, and where persons were permitted to resort for the purpose of drinking such liquor. The position thus taken is not well founded. The count charged more than one offense, as set forth in §20 of the statute, *supra*, and the defendant could lawfully be found guilty of any one of them so charged in this count of the affidavit. Bishop, Criminal Procedure §436.

Proof that she maintained the place where persons were permitted to resort for the purpose of 2. drinking intoxicating liquor as a beverage, was sufficient to sustain the verdict of guilty.

Appellant also contends that there was a failure of proof that the contents of the pitcher was whisky. It was proper to permit the witnesses to testify, 3. from their sense of smell, that the pitcher contained whisky. *Dillon* v. *State* (1919), 188 Ind. 603, 125 N. E. 37. To be sure, the testimony of a habitue was that he had just filled the pitcher with ice water, and of the matron, that she knew nothing of the contents of the pitcher, that it was there when she moved there; but it is evident the jury did not believe this evidence. This court cannot weigh the evidence.

The evidence was sufficient to warrant and to sustain the verdict, and the verdict is not contrary to law.

Judgment affirmed.

Myers, J., absent.