## HOGAN v. STATE OF INDIANA.

[No. 23,955. Filed December 9, 1921. Rehearing denied March 14, 1922.]

1. WITNESSES.—*Impeachment.*—*Statements Made out of Court.*—*Probative Value.*—In a prosecution for the unlawful possession of intoxicating liquor with intent to sell, statements made outside of court by the prosecuting witness, admitted to impeach his denial in court of the affidavit made by him and under which defendant was being prosecuted, are not evidence of the guilt of the accused. p. 676.

2. INTOXICATING LIQUORS.—*Unlawful Possession with Intent to Sell.*—*Evidence.*—*Sufficiency.*—In a prosecution for the unlawful possession of intoxicating liquor with intent to sell, evidence *held* sufficient to sustain a conviction, notwithstanding the denial of the prosecuting witness of the truth of the affidavit made by him, and under which defendant was prosecuted. p. 677.

3. CRIMINAL LAW.— *Intoxicating Liquor.— Evidence.— Judicial Notice.—"White Mule" Whisky.—Intoxicating Qualities.*—In a prosecution for unlawful possession of intoxicating liquor with intent to sell, evidence that the liquor possessed by defendant was "white mule" whisky sufficiently establishes that it was intoxicating liquor, since the court has judicial knowledge that whisky is an intoxicating liquor. p. 678.

From Marion Criminal Court (51,151); *James A. Collins,* Judge.

Prosecution by the State of Indiana against Tommy Hogan. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Holmes & McCallister,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* for the state.

EWBANK, C. J.—Appellant was charged in an affidavit filed by his sister's husband with the offense of keeping and having in his possession "white mule whiskey" with intent to sell, barter, exchange, give away, furnish and otherwise dispose of the same, on August 26, 1920. Appellant was convicted in the city court and appealed to the criminal court, where he was again found guilty. He reserved an exception to the overruling of his motion for a new trial, and filed a bill of exceptions containing the evidence before the expiration of that term of court. He has assigned as error the overruling of his motion for a new trial, and has waived all specifications of the motion except the specifications that the verdict is not sustained by sufficient evidence and is contrary to law.

At the trial in the criminal court the brother-in-law who made the affidavit denied all knowledge of the liquor found in his apartment or appellant's ownership or possession of it, and said that he made the affidavit because of what his wife told him. Impeaching evidence was admitted to the effect that at

the time he made the affidavit the witness also made statements to a police officer which, if proved by competent evidence, would establish appellant's guilt of the offense charged. But the witness denied having made the statements, and denied any knowledge as to the facts to which they related. Counsel for the appellant insist that this impeaching evidence of what a witness for the state may have said in conversation outside of court is not evidence of appellant's guilt. In this counsel are right. *Conway* v. *State* (1889), 118 Ind. 482, 21 N. E. 285; *Sanger* v. *Bacon* (1913), 180 Ind. 322, 101 N. E. 1001; Elliott, Evidence §223.

Aside from such impeaching evidence there was evidence, introduced *without objection*, as follows: On the night of August 26, 1920, appellant's sister

2. and her husband had a quarrel, and the police were called because of the "fight"; that when the officers arrived the sister showed them a hole in the floor of the apartment occupied by her and her husband, from which they took five half-pint bottles of "white mule whiskey," and many empty bottles; that appellant was not present; that a moving picture show was operated (by some person whose name is not disclosed) in the room beneath the apartment where the liquor was found; that the brother-in-law operated a pool room half a square away, across the street; that appellant had not worked for nine months before the trial (five months before the liquor was found) ; that he had been seen on the sidewalk in front of the picture show by a patrolman every day for some time before his arrest, and often three or four times a day, but had repeatedly been searched, and no liquor had been found on him; that repeatedly he had been convicted and fined for vagrancy, gambling, and other misdemeanors; that the police had raided his sister's apartment two or three times and each time appellant "was there," but no liquor

was found; that the police did not then know of the hole in the floor; that a few days before August, 1920, a police officer visited the sister's apartment when appellant was present, and found "liquor" there, and that he then arrested the appellant; that the sister said "the whiskey" belonged to her and she was placed under arrest, and appellant was not taken to police headquarters; that the sister and her husband had been repeatedly arrested "for blind tiger;" that the husband knew nothing at all about the "white mule whiskey;" a policeman also referred to the sister's apartment as "where he lived," when speaking of appellant, but on cross-examination said that appellant lived with his parents on another street, several squares away. This evidence was sufficient to support an inference that appellant was keeping whiskey in his sister's apartment for the purpose of selling it.

Evidence that the liquor was "white mule" whiskey sufficiently established that it was intoxicating liquor.

The court has judicial knowledge that whiskey is

3.   an intoxicating liquor. *Hiatt* v. *State* (1920), 189 Ind. 524, 127 N. E. 277.

The judgment is affirmed.

Myers, J., absent.