## STANKIEWOECZ v. STATE OF INDIANA.

[No. 24,288.   Filed February 7, 1924.]

1. INTOXICATING LIQUOR.—*Offenses.*—*Sufficiency of Proof.*—Evidence of three witnesses that liquor was moonshine. whisky, that they smelled it and were familiar with the smell of moonshine whisky, and that appellant's wife was behind the bar, with a glass jar of the liquor, that she ran out with it, dropped it without breaking it, spilled part of it and then tried to kick the jar, is sufficient to support an inference that the liquor was intoxicating, without an analysis, test, or tasting.   p. 247.

2. INTOXICATING LIQUOR.—*Character of Liquor.*—*Judicial Notice.*—The court has judicial knowledge that whisky is intoxicating. p. 247.

3. INTOXICATING LIQUOR.—*Character of Liquor.*—*Proof by Smell.*—One who knows the smell of whisky may testify that a jar of liquor is whisky from having smelled it.   p. 247.

From Lake Criminal Court; *Walter J. Smith,* Judge.

Carl Stankiewoecz was convicted of a violation of the prohibition law, and he appeals. *Affirmed.*

*William J. McAleer, Francis J. Dorsey, Gerald A. Gillett* and *Perry R. Chapin,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

EWBANK, C. J.—Appellant was convicted of a violation of the prohibition law, in keeping intoxicating

liquor with intent to sell the same. He filed a motion for a new trial for the alleged reasons that the verdict is not sustained by sufficient evidence and is contrary to law, which motion was overruled, and he excepted, and has assigned that ruling as error. The only point suggested by his brief is that no proof was offered that the alleged liquor which appellant had in his "soft drink parlor" was ever analyzed or otherwise tested, and found to contain more than one-half of one per centum of alcohol, nor that anybody tasted it. But three witnesses testified that it was "moonshine whisky," that they smelled it and were familiar with the smell of moonshine whisky, and that appellant's wife was behind the bar when the policemen came, and when she saw them she ran from behind it to the back porch with a glass jar containing the liquor, where she dropped the jar, which tipped over and spilled part of its contents, but without breaking, and that she then tried to kick the jar. This evidence supports an inference that the liquor in the jar was intoxicating. The court has judicial knowledge that "whisky" is intoxicating. *Hogan* v. *State* (1921), 191 Ind. 675, 133 N. E. 1; *Hiatt* v. *State* (1920), 189 Ind. 524, 527, 127 N. E. 277. And one who knows the smell of whisky may testify that a jar of liquor is whisky from having smelled it. *Shelton* v. *State* (1921), 191 Ind. 228, 132 N. E. 594; *Zoller* v. *State* (1920), 189 Ind. 114, 126 N. E. 1; *Dillon* v. *State* (1919), 188 Ind. 603, 125 N. E. 37.

The judgment is affirmed.