## GUETLING v. STATE OF INDIANA.

[No. 24,991. Filed June 1, 1926. Rehearing denied October 12, 1926.]

1. CRIMINAL LAW.—Invalidity of statute on which the judgment rests not proper assignment of error. p. 285.

2. INTOXICATING LIQUORS.—*Testimony held sufficient to show that liquor was intoxicating.*—Testimony by an officer of experience with home-brew liquor that the liquor found in possession of the accused was intoxicating and contained more than half of one per cent. alcohol was sufficient to sustain a charge of having possession of intoxicating liquor, a chemical analysis not being necessary to determine that it was intoxicating. p. 286.

3. CRIMINAL LAW.—That the "judgment" of the court was contrary to the "evidence" is not a proper ground for a new trial (§2325 Burns 1926, §2158 Burns 1914). p. 286.

4. INTOXICATING LIQUORS.—*Testimony that beer found in accused's possession contained more than half of one per cent. alcohol held competent.*—In a prosecution for having possession of intoxicating liquor, the testimony of a witness familiar with the taste and smell of home-brew beer that beer found in possession of the accused contained more than half of one per cent. alcohol was competent, after he had tasted and smelled the liquor. p. 286.

5. INTOXICATING LIQUORS.—*Competency of witness as to alcoholic content of home-brewed beer.*—Testimony of a witness familiar with home-brew beer that, after such beer was put into bottles and capped, the amount of alcohol therein did not change, was competent, and rendered the same witness competent to testify as to the alcoholic content of the beer found in the possession of the accused which had been bottled and capped. p. 286.

6. INTOXICATING LIQUORS.—The provision of the Prohibition Law of 1925 (Acts 1925 p. 144) making possession of intoxicating liquor a criminal offense is constitutional (*Beebe* v. *State,* 6 Ind. 501, distinguished). p. 287.

7. INTOXICATING LIQUORS.—The fact that the Prohibition Law of 1925 (Acts 1925 p. 144) contains no provision as to what should be done with liquor on hand when the act went into force does not render it unconstitutional. p. 287.

From Vanderburgh Circuit Court; *Charles P. Bock,* Judge.

Matthew Guetling was convicted of possessing intoxicating liquor in May, 1925, after the Prohibition Law of 1925 had gone into effect, and he appeals. *Affirmed.*

*A. E. Gore,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *George J. Muller,* Deputy Attorney-General, for the State.

GEMMILL, J.—Appellant was prosecuted on an affidavit in which he was charged with having in his possession intoxicating liquor in Vanderburgh county, on May 23, 1925. The affidavit was predicated on §4, ch. 48 of the Acts of 1925, the title to which is "An Act concerning intoxicating liquors." He was found guilty and has appealed from the judgment of fine and imprisonment. Errors relied upon for reversal are: (1) The court erred in overruling the motion for a new trial; (2) the court erred in overruling the motion in arrest of judgment; (3) the ·judgment is erroneous and void for the reason that the statute upon which the judgment rests is void because of indefiniteness and being too vague; and (4) the judgment is erroneous and void for the reason that the statute upon which the judgment rests is unconstitutional. The third and fourth specifications of error are not proper assignments. However, the alleged errors therein named were presented by appellant in his motion in arrest of judgment.

The first cause in the motion for a new trial is that the finding of the court is contrary to law, because there is no evidence to sustain same. From the evi-

dence, it appears as follows:   Police officers, who had a search warrant, searched appellant's residence in the city of Evansville and found fifty-three quarts of home-brew beer in bottles, each bottle wrapped in paper, and four quarts of iced beer in bottles in the icebox.   Appellant admitted to the officers that he owned the beer.   A witness who was a sergeant on the police force of said city testified that the beer so found was intoxicating liquor, and he further testified from his experience as an officer for many years with home-brew beer, that same contains more than one-half of one per cent. of alcohol by volume. No contrary evidence was introduced by the defendant. Proof that the liquid in question was intoxicating liquor or that it contained as much as one-half of one per cent. of alcohol by volume was sufficient to sustain the charge.   *Hiatt* v. *State* (1920), 189 Ind. 524, 127 N. E. 277.   In that case, it was held that a chemical analysis of a liquid was not required to determine if it was intoxicating, though such method was a proper one; and the fact as to whether or not the liquid was intoxicating was a question for the jury, to be determined from the evidence as any other essential fact in the case.   The court's finding was supported by sufficient evidence and was not contrary to law.

Appellant's second cause in his motion for a new trial is as follows: "The judgment of the court is contrary to the evidence." This specification is not a statutory reason for a new trial. §2325 Burns 1926.

Objection was made by appellant when the court permitted a witness to taste and smell the beer during the trial in order to give testimony whether same contained as much as one-half of one per cent. of alcohol by volume.   The witness had testified that he was familiar with home-brew beer, and that

after such beer was put in bottles and capped, the amount of alcohol therein did not change. The evidence was competent and the court did not err in refusing to strike out same and in refusing to strike out evidence as to alcoholic content of the beer because same had not been tested by a duly qualified chemist. Appellant has failed to show that he was entitled to a new trial.

Error is claimed in overruling appellant's motion in arrest of judgment. It is contended that the facts stated in the affidavit do not constitute a public offense, and that the law under which the affidavit was drawn is unconstitutional and void. Appellant argues that the possession of intoxicating liquor cannot be made an offense and relies upon *Beebe* v. *State* (1855), 6 Ind. 501, 63 Am. Dec. 391. In that case, the liquor law of 1855 was held to be void. In *Schmitt, Supt.*, v. *F. W. Cook Brewing Co.* (1918), 187 Ind. 623, 120 N. E. 19, 3 A. L. R. 270, in which the prohibition law of 1917 was declared to be constitutional, the said case of *Beebe* v. *State, supra,* was considered in the prevailing opinion on page 628, and it is not necessary to give further attention to same. In *Schmitt, Supt.*, v. *F. W. Cook Brewing Co., supra,* it was said: "The power of the states, under their constitutions and under the federal Constitution, to prohibit the manufacture and sale of intoxicating liquor and to provide such means for the enforcement of prohibition as seems expedient to the legislature, is now so well settled that it is no longer an open question." In that case, it was stated that to prohibit the traffic in intoxicating liquor, the legislature may prevent the possession of liquor. The possession of intoxicating liquor for personal use may be forbidden by a state without infringing on the constitutional rights of the citizens. *Crane* v. *Campbell* (1917), 245 U. S. 304, 38

Sup. Ct. 98, 62 L. Ed. 304.   In the case cited, the court said:  "We further think it clearly follows from our numerous decisions upholding prohibition legislation that the right to hold intoxicating liquors for personal use is not one of those fundamental privileges of a citizen of the United States which no State may abridge."   Appellant also claims that because said act of 1925 made no provision as to what should be done with intoxicating liquor on hand when the act went into force, the law is not valid.   The act was approved March 4, 1925, and by proclamation of the Governor, the law became effective on April 25, 1925.   If appellant had possession of intoxicating liquor on either date, he had plenty of time to divest himself of the possession of same so as to be free of criminal liability, if he desired.   It was not necessary that the law contain such a provision in order to be constitutional.   Appellant's objections to the prohibition law of 1925 cannot be sustained.   There was no error in overruling the motion in arrest of judgment.

The judgment is affirmed.