## WEREB v. THE STATE OF OHIO.

*Intoxicating liquors—Unlawful possession—Evidence—Testimony that bottle contained whisky determined by smelling, competent.*

1. In prosecution for unlawful possession of whisky, witnesses testifying from sense of smell that bottle contained whisky *held* competent.
2. Evidence that liquid in bottle was whisky, based on its odor, *held* sufficient to warrant conviction for unlawful possession of whisky.

(Decided June 14, 1926.)

ERROR: Court of Appeals for Ottawa county.

*Mr. Charles W. Meck,* for plaintiff in error.
*Mr. Don Bell,* prosecuting attorney, for defendant in error.

YOUNG, J. On the 13th day of March, 1926, the plaintiff in error, Steve Wereb, was tried and found guilty of unlawfully having whisky in his possession, and the mayor of the village of Genoa, in Ottawa county, before whom he was tried, upon conviction imposed a fine of $2,000, which was subsequently reduced by the mayor to $1,000; the evidence showing it to be a first offense, instead of a second. The sentence was affirmed by the court of common pleas. The case is here to reverse the judgment of the court below.

The record discloses that on March 10, 1926, one Vern Pinkerton, then a constable of Clay township, in Ottawa county, in company with two other parties, went to the defendant's place of business at

Clay Center, known as a soft drink parlor, with a search warrant, for the purpose of searching his place for liquor; that Mr. Wereb was present, and when their purpose was made known they became engaged in a tussle; that the defendant Wereb, being close to a stove in his place of business, picked up a lid and smashed a bottle which he had concealed about his person, which bottle contained whisky. The constable and his assistants thereupon obtained parts of the broken bottle, and subsequently produced them at the trial of the case. The witnesses for the state testified that, at the time the bottle was broken by the defendant, the liquid therein contained saturated his trousers and underclothing, that they were able to state, and did so testify, that the odor of the liquid was that of whisky, and that the contents of the bottle was whisky.

It is now contended by the defendant below that the evidence given by these officials is incompetent, because their knowledge of the contents of the bottle was obtained by the sense of smell; that the witnesses were not qualified to testify, and therefore the evidence is insufficient to warrant a conviction. The evidence upon which the defendant was convicted was by the officials who produced the bottle at the trial, and who testified that they determined the contents thereof by the sense of smell. We have reviewed the record, and read the evidence in the case in the light of the issues raised by the defendant. There can be no question that knowledge which persons possess is obtained in a large measure through their senses, namely, those of seeing, feeling, hearing, tasting, and smelling, and

only by the knowledge thus obtained through these various senses can it be imparted to others. Those who have observed things through the sense of seeing, and who are not otherwise incapacitated from testifying, are competent witnesses. This rule is true of the other senses, tasting, hearing, feeling, and why not applicable to the sense of smell? Of course, if one's sense of smell was so impaired as to make it impossible to distinguish one odor from another, then perhaps the testimony would be incompetent, but unless so shown it would be a question of fact for the jury.

In an action to abandon a nuisance, where it consisted of decayed, putrefied, and other foul ingredients, and where the odor was distinctly manifest through the sense of smell to the inhabitants of that particular community, could it be said that witnesses were not competent to testify as to the odor arising from the accumulation of these materials; or would it be contended that the testimony should be by witnesses qualified only by reason of the sense of sight and taste? Jurors are sent to scenes of accidents and to other places for the purpose of learning, if possible, the true condition, and it is by the sense of sight that these conditions are revealed. Shall there be a discrimination in the rule when applied to the competency of witnesses as to knowledge obtained through the senses?

In the case of *Dillon* v. *State*, 188 Ind., 603, 125 N. E., 37, in a prosecution for keeping intoxicants with intent to sell or otherwise dispose of them in violation of an act then in force, testimony of a witness that the bottle in evidence contained whisky, which he knew from the smell, was held

admissible; the witness being entitled to give his opinion as to what the liquor was that was found in the defendant's possession. In *Shelton* v. *State,* 191 Ind., 228, 132 N. E., 594, the sole point made by the defendant was that the evidence was insufficient to support the verdict, and, if so, the verdict was contrary to law. The court, in affirming the judgment of the court below, stated that the evidence was sufficient to warrant a sustaining of the verdict, and that the verdict was not contrary to law. We also cite the case of *Albert* v. *United States* (C. C. A.), 281 F., 511.

We hold that the witnesses in the instant case .were qualified and competent to testify, and that the verdict and judgment were not manifestly against the weight of the evidence.

*Judgment affirmed.*

RICHARDS and WILLIAMS, JJ., concur.