### DILLY v. STATE OF INDIANA.

[No. 25,198.   Filed January 26, 1927.   Rehearing denied April 5, 1927.]

1. INTOXICATING LIQUORS.—Intoxicating liquor may be identified as such by the smell of same.   p. 159.

2. INTOXICATING LIQUORS.—*Evidence held sufficient to sustain conviction for unlawful possession of intoxicating liquor.*—In a prosecution for unlawful possession of intoxicating liquor, evidence that the defendant had just left place where a quantity of "white mule" whisky was found, carrying a bottle that contained a liquid that smelled like "white mule" whisky, *held* sufficient to sustain a conviction under the law of 1925 (Acts 1925 p. 144, §4, §2717 Burns 1926).   p. 159.

3. INTOXICATING LIQUORS.—*Court judicially knows that "white mule" whisky is intoxicating.*—Courts take notice that whisky is intoxicating, and therefore evidence that liquor was "white mule" whisky was sufficient to establish that it was intoxicating liquor.   p. 159.

From Marion Criminal Court (59,347); *Edward W. Felt*, Special Judge.

William Dilly was convicted of unlawfully possessing intoxicating liquor, and he appeals. *Affirmed.*

*James E. McDonald* and *Arthur T. Mayfield*, for appellant.

*Arthur L. Gilliom*, Attorney-General and *Edward J. Lennon, Jr.*, Deputy Attorney-General, for the State.

GEMMILL, C. J.—The appellant has appealed from a judgment of fine and imprisonment rendered against him in the criminal court of Marion county for the unlawful possession of intoxicating liquor, on or about September 21, 1925. Said public offense is defined in §4, ch. 48, acts of 1925, §2717 Burns 1926. The only assignment of error presented is that the court erred in overruling the motion for a new trial. And under that motion, the only question to be considered is the sufficiency of the evidence to sustain the finding of the court.

The undisputed evidence was as follows: Two police officers observed appellant coming out of a vacant house near his home in the city of Indianapolis, at night. Appellant, when he saw the officers, dropped a quart bottle of white mule whisky and he was then arrested. When the bottle was broken, they smelled the odor of white mule whisky, but did not see any liquid. It was only by the smell of same that they knew what it was. One of the officers then went into the vacant house, out of which appellant had come, and found there one gallon of white mule whisky, ten empty one-half pint bottles and a bag of corks to fit the bottles.

This court has held that intoxicating liquor may be identified as such by the smell of same. *Dillon* v. *State* (1919), 188 Ind. 603, 125 N. E. 37; *Zoller* v. *State* (1920), 189 Ind. 114, 126 N. E. 1; *Shelton* v. *State* (1921), 191 Ind. 228, 132 N. E. 594; *Stankiewoecz* v. *State* (1924), 194 Ind. 246, 142 N. E. 615. In *United States* v. *Borkowski* (1920), 268 Fed. 408, it was said: "If an officer may arrest when he actually sees the com-

mission of a misdemeanor or a felony, why may he not do the same, if the sense of smell informs him that a crime is being committed? Sight is but one of the senses, and an officer may be so trained that the sense of smell is as unerring as the sense of sight."

The proof was sufficient to show that the bottle which appellant dropped contained intoxicating liquor. Appellant's suggestion that the odor might have come from an empty bottle, which had contained whisky cannot be adopted. From the evidence in regard to the whisky which was found in the vacant house and the evidence that appellant had just left that place carrying a bottle which he dropped which had the odor of white mule whisky, it could legitimately and reasonably be inferred by the court that the white mule whisky there found was in his possession. Evidence that liquor was white mule whisky was sufficient to establish that it was intoxicating liquor, as the court has judicial knowledge that whisky is an intoxicating liquor. *Hogan* v. *State* (1921), 191 Ind. 675, 133 N. E. 1; *Stankiewoecz* v. *State*, *supra*. The motion for a new trial was properly overruled.

The judgment is affirmed.