## DAVIS v. STATE OF INDIANA.

[No. 25,341. Filed April 17, 1928.]

1. INTOXICATING LIQUORS.—*Evidence held insufficient to show that liquor was "poured out" within meaning of statute.*—Evidence that when police officers searched defendant's residence for intoxicating

liquor, they found his wife with a glass in her hand standing near a sink, and that the glass and an empty pitcher had the odor of alcohol, was not sufficient to bring the case within the provision of §2751 Burns 1926 that "if fluid be poured out . . . when the premises are being searched, it shall be held to be *prima facie* intoxicating liquor and intended for unlawful possession and sale." p. 741.

2. INTOXICATING LIQUORS.—*Evidence held insufficient to sustain conviction for possessing intoxicating liquor.*—Although the statute provides that "proof of the possession of empty . . . vessels that have contained intoxicating liquor shall be admitted as evidence of the illegal possession of such liquor" (§2751 Burns 1926), evidence that, when defendant's home was searched, a pitcher and glass were found which had the odor of alcohol, without corroborating evidence that any fluid was poured out of them, was not sufficient to sustain conviction for possessing intoxicating liquor (*Stankiewoecz* v. *State,* 194 Ind. 246, and *Dilly* v. *State,* 199 Ind. 15, distinguished). p. 741.

From Delaware Circuit Court; *Clarence W. Dearth,* Judge.

Warren Davis was convicted of possessing intoxicating liquor, and he appeals. *Reversed.*

*John T. Walterhouse* and *Thomas V. Miller,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

MARTIN, J.—Police officers of the city of Muncie searched appellant's home for intoxicating liquor. They found an empty pitcher and glass which, according to their testimony, had the odor of alcohol, but there was no other evidence that there had been any alcohol or other fluid in either the pitcher or the glass.

From a judgment upon the jury's verdict of guilty assessing a fine and thirty days imprisonment for the unlawful possession of intoxicating liquor under §4, ch. 48, acts of 1925, §2717 Burns 1926, appellant has appealed, assigning as error the overruling of his motion for a new trial, in which he alleges, among other reasons, that the verdict is not sustained by sufficient evidence.

Section 36, ch. 48, acts of 1925, §2751 Burns 1926, provides that, "if fluid be poured out . . . when the premises are being searched" it shall "be held
1. to be *prima facie* intoxicating liquor and intended for unlawful possession and sale." There was evidence that appellant's wife had the glass in her hand and was standing in a pantry in which there was a sink, but there was no evidence that she poured any fluid out of either the pitcher or the glass. The evidence was therefore insufficient to bring the case within this part of the section.

The section further provides that, "proof of the possession of empty . . . vessels that have contained intoxicating liquor shall be admitted as evidence
2. of the illegal possession of such liquor." If the evidence here can be held to show possession of vessels that had contained intoxicating liquor, we do not believe, in the absence of corroborating evidence that appellant had possessed intoxicating liquor or evidence showing that fluid was poured out, that it is sufficient upon which to base a finding of guilty. In *Darbyshire* v. *State* (1925), 196 Ind. 608, 149 N. E. 166, it was stated that the act prescribes a method of proof of facts when evidence in support thereof is destroyed by the act of the tenant or other persons but that the legislature does not have power to declare certain facts conclusive proof of guilt or to make an act *prima facie* evidence of crime regardless of its relevancy to a criminal act. The cases of *Stankiewoecz* v. *State* (1924), 194 Ind. 246, 142 N. E. 615 and *Dilly* v. *State* (1927), *ante* 158, 154 N. E. 865, relied upon by appellee are easily distinguished from the case at bar. In each of these cases, we held that that there was possession of intoxicating liquor, which was identified by its smell, and not merely that there was possession of only a smell or odor.

Judgment reversed, with instructions to grant appellant's motion for a new trial.