GARGAS *v.* STATE OF INDIANA.

[No. 25,458.    Filed June 1, 1928.]

*A. H. Sambor* and *A. L. Zivich,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Bernard A. Keltner,* Deputy Attorney-General, for the State.

TRAVIS J.—This is an appeal from the conviction of appellant for having unlawfully maintained a room, house, etc., where intoxicating liquors were manufactured, sold, bartered, given away, furnished, delivered, and otherwise disposed of in violation of law, and where persons were permitted to resort for the purpose of drinking such intoxicating liquors as a beverage, and that appellant kept intoxicating liquors for use in maintaining such nuisance. (Acts 1917, ch. 4, §20). The case was tried by the court, and judgment was rendered upon a finding of guilty. The error assigned and presented is based upon the overruling of appellant's motion for a new trial. The sole question presented, is the sufficiency of the evidence to sustain the finding of guilty.

The appellant was at the time of the alleged commission of the offense, to wit: August 25, 1924, a laborer for a building contractor. On the day of the alleged commission of the offense police officers visited the home of appellant and there found in the front room of the home, a bar where soft drinks were sold. The rear rooms of the house were a living room, a bedroom and kitchen. When the police officers entered the front room of the home, appellant's wife was alone in the home and behind the bar. In the rooms which were used for dwelling purposes intoxicating liquor was found by the officers. A jar which contained moonshine whisky, as testified to by one of the officers, was broken by appellant's wife in the presence of the officers. When the officers were about ready to depart, appellant returned home. No conversation was had with him, but he was immediately placed under arrest. One of the officers testified that he visited the same home three or four days

before August 25; and another testified that the appellant was not then at home and that appellant's wife was behind the bar. He and another officer entered on that day at the side entrance of the home into the barroom, where they saw three men standing at the bar, and two women sitting on the stairs. One of the three men found there asked appellant's wife for a drink of whisky, and she replied that she did not have any. This man who asked for the whisky was intoxicated. The officer said he could not say that any of the others was intoxicated. The third day before the arrest by the officers, and the day of the arrest, are the only days in question in the evidence, and at neither of the times of the visits by the officers, did they see any liquor sold on the premises, or offered for sale; neither did they see anyone at either of the visits drink any intoxicating liquor. There is no evidence in the record as shown by the briefs upon which an inference may be drawn, that the man found at the home, on the first visit by the officers, drank any intoxicating liquor at this place, or from which an inference could be drawn that he became intoxicated at the home of appellant.

At the time of the bringing of this action, there was no statute which prohibited the possession of intoxicating liquor (*Powell* v. *State* [1923], 193 Ind. 258, 139 N. E. 670), neither which prohibited the keeping of intoxicating liquor with intent to sell the same. *Smith* v. *State* (1924), 194 Ind. 686, 144 N. E. 471.

It has been decided by this court, that where the evidence shows that persons were permitted to resort to the house or other place named, for the purpose of drinking intoxicating liquor as a beverage, such evidence is sufficient to sustain a verdict of guilty of a charge of maintaining a nuisance. *Shelton* v. *State* (1921), 191 Ind. 228, 132 N. E. 594.

There is no evidence before us to the effect that per-

sons resorted to the place for the purpose of drinking intoxicating liquor as a beverage, or that any person had ever drunk any intoxicating liquor as a beverage upon the premises which were described. Appellee insists that an inference of guilt sufficient to affirm the case may be drawn from the evidence of the finding of intoxicating liquor in the building on one day, and that, on another day, three or four days prior thereto, a person was seen in the house in an intoxicated condition. This evidence is insufficient to establish the keeping of the house as a place where people were permitted to resort for the purpose of drinking intoxicating liquor as a beverage, or where intoxicating liquors were sold, bartered, or given away to be used as a beverage, or that the liquor found on the premises was kept therein for use in maintaining a house where persons were permitted to resort for the purpose of buying and drinking such liquor. *Manley* v. *State* (1925), 196 Ind. 529, 149 N. E. 51.

The action of the Lake Criminal Court in overruling appellant's motion for a new trial was error; and the case is remanded and this court ordered to grant appellant's motion for a new trial.

Judgment reversed.