## MUELLER *v.* STATE OF INDIANA.

[No. 13,645.   Filed April 23, 1929.]

*Ira M. Holmes,* for appellant.

*Arthur L. Gilliom,* Attorney-General, *U. S. Lesh* and *R. L. Lowther,* for the State.

NEAL, J.—Appellant was charged by an affidavit in

two counts with violation of the liquor law, viz.: (1) The unlawful manufacture, possession, transportation and sale; (2) maintaining a common nuisance, to wit, a room, etc., where intoxicating liquors were manufactured, sold, bartered and given away, and where persons were permitted to resort for the purpose of drinking intoxicating liquors as a beverage. The court found the appellant guilty under the second count of the affidavit. Appellant assigns error in the overruling of his motion for a new trial and presents two causes: (1) The finding of the court is not sustained by sufficient evidence; (2) the finding of the court is contrary to law.

Appellant timely filed a verified motion to quash the search warrant and suppress as evidence certain containers and contents alleged to contain intoxicating liquor, which containers and contents were seized by the police officers at the time of the search. The State filed an answer in general denial to appellant's motion to suppress. The court thereupon heard evidence and reserved his ruling until the introduction of all the evidence upon the trial of the case, at which time, the court sustained appellant's motion to suppress the affidavit, search warrant and the return indorsed thereon.

The search warrant commanded the officer to search the following described premises: 2604 and 2606 Madison avenue, city of Indianapolis, Indiana. The return of the officer discloses that several bottles of liquor were seized at the time of the search of appellant's premises, particularly designating two pints of beer. The evidence in relation to the two pints of beer above referred to, and we may observe at this time that no other liquor is mentioned in the evidence, discloses the following facts: That appellant maintained a soft drink parlor and pool room at 2604 Madison avenue, that his residence was 2606 Madison avenue; that a stairway connected his place of business, which was on the ground

floor, with his home on the second floor; that the officers found the appellant at his pool room, read the search warrant to him and then proceeded to search the premises; that two pint bottles of beer, heretofore mentioned, were found in the rear of the pool room, behind a partition and in a case; that one of the two pint bottles of beer was taken to the city chemist and found to contain three and eighty-three hundredths per cent alcohol by volume; that the chemist designated the beer so analyzed as taken from Walter M. Mueller located at 2604-06 Madison avenue.

The appellant objected to the officer testifying as to what he found in the pool room for the reason that the officer had no legal authority to make the search.

It is clearly shown by the evidence that the two pint bottles of beer were described in the return of the search warrant; that the beer was seized by virtue of the search warrant; that the court sustained the motion to suppress the search warrant and the return, which necessarily included the beer so taken; therefore, we cannot consider in evidence the beer so seized by virtue of the search warrant, in face of the ruling of the court to suppress, unless it was made competent by evidence *aliunde*.

The trial court evidently concluded that the beer so seized by the officers was properly a part of the evidence for the reason that the beer so taken was found by the officers in the pool room. The evidence fails to disclose that appellant or any one else was violating the law at the time the officers entered the appellant's place of business. The beer was not in plain view of the officers, but was in a rear room behind a partition in a case. The officers, under the evidence, were not made conscious, through sight, smell or other senses, of the possession of intoxicating liquors. (See *Dilly* v. *State* [1927], 199 Ind. 158, 154 N. E. 865;

*Hangar* v. *State* [1928], 199 Ind. 727, 160 N. E. 289; *United States* v. *Snyder* [1928], 278 Fed. 650; *United States* v. *Borkowski* [1920], 268 Fed. 408; *Benton* v. *United States* [1928], 28 Fed. [2d] 695; *Garske* v. *United States* [1924], 1 Fed. [2d] 260). Neither does it appear from the evidence that appellant was arrested on a warrant at the time the beer was seized. On the contrary, the evidence is to the effect that the search was made by virtue of the search warrant which, as stated, was suppressed by the court.

In the case of *Speybroeck* v. *State* (1927), 200 Ind. 69, 155 N. E. 817, the court said: "A soft drink parlor is a public place and no search warrant is needed by officers to enter it, but; as the officers did not see any violation of the law, they could not search the place, except under a search warrant." It has been repeatedly held that evidence obtained under an illegal search, if proper objection is made thereto, is inadmissible against the owner or manager of the premises. *Callender* v. *State* (1922), 193 Ind. 91, 138 N. E. 817. We conclude that the beer so seized cannot be considered in determining whether the evidence is sufficient to support a conviction of maintaining a nuisance.

The evidence further discloses that an officer had watched appellant's place prior to the date of the search; that he had seen persons in the pool room, about eight or nine months previous, who appeared to be under the influence of liquor; that, at said time, he saw the men who appeared to be under the influence of liquor go in appellant's place and come out in about fifteen minutes; that the place had the reputation of possessing and selling intoxicating liquors.

The evidence is deficient. There is no proof that appellant ever manufactured, sold, bartered, gave away or delivered intoxicating liquor to any one at his place of business; also an absence of evidence

that persons resorted to his pool room for the purpose of drinking liquor, or that appellant had liquor in his possession unlawfully. Evidence of the reputation—that it was a place where intoxicating liquors were sold, etc.—is admissible. However, such evidence standing alone is not sufficient to rest a conviction thereon. *Klysz* v. *State* (1928), *ante* 132, 161 N. E. 630.

The evidence is insufficient to support the finding of guilty, and is therefore contrary to law.

Reversed, with instructions to sustain appellant's motion for a new trial.

Nichols, J., not participating.