KAMINSKI *v.* STATE OF INDIANA.

[No. 13,874. Filed November 12, 1929. Petition for rehearing dismissed March 11, 1930.]

*Homer R. Miller, George C. Uhlir* and *Daniel L. Bock,* for appellant.

*James M. Ogden*, Attorney-General, and *George W. Hufsmith*, Deputy Attorney-General, for the State.

LOCKYEAR, J.—This was a criminal action against appellant, by an affidavit in one count, charging the unlawful possession of intoxicating liquor. The affidavit was sworn to before Thea D. Vance, deputy prosecuting attorney.

There was a trial before the court and a finding of guilty, and appellant was assessed a fine of $100 and sentenced to imprisonment on the Indiana State Farm for 60 days. Appellant filed a motion for a new trial, which motion was upon the grounds that the finding of the court is not sustained by sufficient evidence and is contrary to law.

The evidence in this case shows, in substance, that: Martin Zarkovich, a police officer in East Chicago, Indiana, together with a deputy sheriff, Jurisich, and a man by the name of Moore, searched the premises of the appellant, where they found two ounces of port wine in a pint bottle back of the bar in a soft-drink parlor owned by the appellant; they found no other intoxicating liquor but found seven small whisky glasses back of the bar; Zarkovich says that he smelled the wine and that it smelled like port wine; Nick Jurisich, deputy sheriff, says they found the wine and that it was port wine and intoxicating liquor, and he further testified that the appellant talked to some party over the telephone in the Polish language while this witness was there and said he cleaned everything out; the witness said that he understands the Polish language, but that he did not know to whom appellant was talking.

The appellant testified that the wine was not intoxicating but it was near port wine, not real port wine; that he bought it in barrels from a man in Chicago, who

delivered it to his place of business; and that he sold it for 15 cents a glass.

Officers may identify intoxicating liquor through the sense of smell. *Shelton* v. *State* (1921), 191 Ind. 228, 132 N. E. 594; *Hiatt* v. *State* (1920), 189 Ind. 524, 127 N. E. 277; *Zoller* v. *State* (1920), 189 Ind. 114, 126 N. E. 1; *Stankiewoecz* v. *State* (1924), 194 Ind. 246, 142 N. E. 615.

Testimony of officers is sufficient evidence upon which to base a conviction, and a chemical analysis is not necessary to establish the fact that the liquor is intoxicating, which is a question for the jury or trial court as the case may be. *Guetling* v. *State* (1926), 198 Ind. 284, 152 N. E. 166; *Hiatt* v. *State, supra.*

Appellant also contends that the seal of the deputy prosecuting attorney was not attached to the affidavit and, therefore, this proceeding is void. The seal of the prosecutor or his deputy is not required to affidavits sworn to before him in his official capacity, but only in other cases where he assumes to act as a notary public. *Roberts* v. *State* (1921), 190 Ind. 232, 130 N. E. 125; §11836 Burns 1926.

We find no reversible error in the record.

Judgment affirmed.