## GREER *v.* STATE OF INDIANA.

[No. 25,760. Filed November 14, 1929.]

*Q. Austin East* and *R. L. Mellen,* for appellant.
*James M. Ogden,* Attorney-General, and *V. Ed Funk,* Deputy Attorney-General, for the State.

MARTIN, J.—Appellant was tried by a jury on an affidavit which charged him with unlawfully and feloniously transporting intoxicating liquor in an automobile in violation of Acts 1925, ch. 48, §7, §2720 Burns 1926. He was found guilty and sentenced to the Indiana State Prison for not less than one year nor more than two years.

The alleged error relied upon is the overruling of appellant's motion for a new trial wherein he alleges that the verdict is not sustained by sufficient evidence and is contrary to law, and that the court erred in permitting certain witnesses to answer 31 questions which are

quoted, and in admitting in evidence three five-gallon jugs of intoxicating liquor.

The appellant did not set out in his motion for a new trial, nor has he set out in his brief, the answers given to the questions of which he complains. These answers, or at least a statement of their substance, and not merely the questions themselves, must be presented, together with his grounds of objection, in order for a determination to be made by this court of the existence of harmful error, and the court will not search the record for the evidence adduced by the questions complained of.

The evidence (which is set out in a foot note[1]) is sufficient to sustain the finding and the same is not contrary to law.

Under the facts shown (especially the fact that appellant abandoned his automobile and fled upon the approach of the officers and the fact that they smelled whisky in the car), the officers had reasonable and probable cause to believe that the automobile contained intoxicating liquor which it was their duty, under the statute (§2748 Burns 1926), to seize, and that the appellant was engaged in committing the felony of transporting intoxicating liquor. They, therefore, had the right to search the automobile without a search war-

---

[1] The evidence, as stated by appellant in his brief, shows that four police officers of the city of Bloomington (who had information from the chief of police that a '26 model, Chevrolet roadster from Bedford with a broken right running board, driven by a tall, heavy man named Howard Greer would be near Whitey Fulton's on Miller Drive in Bloomington between 7:30 and 8 p. m. on January 12, 1929, with a load of intoxicating liquor), drove to the neighborhood described near the American Oolitic mill, sighted a Chevrolet roadster and followed it. Both the cars stopped, the police (not being sure that the license number was of a series assigned to the city of Bedford) driving 100 feet past the roadster but the driver of the roadster, who wore a cap and a sheepskin coat, left his car before the officers could reach him, ran around a nearby house and temporarily escaped. After a fruitless pursuit, the officers returned to the abandoned car, smelled a bottle of whisky that had been broken on the floor of the car, and, in the car, found three five-gallon jugs of intoxicating liquor, funnel and syphon

rant and the jugs of intoxicating liquor were properly admitted in evidence. *Hanger* v. *State* (1928), 199 Ind. 727, 160 N. E. 449; *Faut* v. *State* (1929), *ante* 322, 168, N. E. 124.

It is true, as appellant points out, that two of the officers testified only that the contents of the jugs smelled like intoxicating liquor (and intoxicating liquor may properly be identified by the sense of smell, *Dilly* v. *State* [1927], 199 Ind. 158, 154 N. E. 865; *Stankiewoecz* v. *State* [1924], 194 Ind. 246, 142 N. E. 615), but, it is also true that two other witnesses testified that the jugs *contained* intoxicating liquor. No contrary evidence was introduced by appellant. The proof was sufficient to sustain the charge. *Guetling* v. *State* (1926), 198 Ind. 284, 152 N. E. 166.

Although appellant did not offer any evidence in defense of the charge against him, it appears from the State's evidence that appellant disclaimed both ownership and control over the automobile at the time of the search. His objections to the admission in evidence of the jugs of intoxicating liquor, as well as his objections to the 31 questions hereinbefore referred to, are therefore unavailing for the further

---

tube. They removed the car to the police station. The registration card was not in appellant's name.

Alva Fulton testified that he met appellant and took him to Dexter Lindley's house and that appellant asked him to go up and see if his car was on the road. Later, officers followed Wiley Fulton or Whitey Lewis to the home of Dexter Lindsey where they found and arrested appellant. When arrested, appellant wore a cap and sheepskin coat.

At that time, he told the officers he had parked his car in Bedford and came to Bloomington on a freight train. He made the same statement, after his arrest, to the superintendent of police. (But he also told the superintendent that the Chevrolet roadster in question, while not his car, had been leased by him from a man named Colvin and that if his car was in Bloomington, it had been stolen from Bedford where he left it about twelve o'clock.)

A state motor policeman testified that while testing brakes on State Road 37 south of Bedford two weeks previous to the date of appellant's arrest, he saw appellant driving the Chevrolet roadster, tested his brakes and put an O. K. sticker on the car. He later saw on the car in a garage the sticker, which he identified and which was introduced in evidence.

reason that he cannot object to a search of premises or property of which he disclaims ownership or control. *Speybroeck* v. *State* (1927), 200 Ind. 69, 155 N. E. 817; *Speybroeck* v. *State* (1926), 198 Ind. 683, 154 N. E. 1; *Walker* v. *State* (1924), 194 Ind. 402, 142 N. E. 16; *Walker* v. *State* (1928), 200 Ind. 303, 163 N. E. 229.

Judgment affirmed.