## KELLOGG v. STATE OF INDIANA.

[No. 26,026.   Filed March 8, 1932.]

*Roy L. Volstad,* for appellant.

*James M. Ogden,* Attorney-General, and *Merl M. Wall,* Deputy Attorney-General, for the State.

ROLL, J.—Appellant was convicted in the Municipal Court of Marion County on an affidavit charging him with the unlawful drawing of a deadly weapon. Acts 1905, ch. 169, p. 584, §2539 Burns 1926. He appealed to the Criminal Court of Marion County, and was, on February 15, 1930, found guilty, fined $50 and costs. He appealed to the Appellate Court under §2377.1 Burns Supp. 1929, Acts 1929, ch. 123, p. 429. The Appellate Court decided this case and the opinion was handed down on December 10, 1930. (See 173 N. E. 599.) Appellant filed his petition for a rehearing on January 28, 1931, being within the time allowed by law to file his petition. After January 1, 1931, the jurisdiction of this appeal, by operation of law, became vested in this court.

The only error properly assigned and relied upon is the overruling of the motion for a new trial. Appellant's brief does not set out a copy of his motion for a new trial nor the substance thereof, but, under the heading of "Errors Relied Upon for Reversal"

his first assignment of error is that the court erred in overruling appellant's motion for a new trial, and the second assignment of error is that the finding of the court is contrary to law, and the third is that the finding of the court was not sustained by sufficient evidence. Appellant in his brief fails to refer us to the place in the record where his motion for a new trial may be found. He argues in his brief that the evidence is not sufficient to sustain the decision of the court, and, under his heading "Digest of Evidence," he sets out what purports to be only a small part of the evidence introduced at the trial. Such a brief is insufficient to present any question for our consideration. *McGlynn* v. *State* (1929), 90 Ind. App. 280, 168 N. E. 715; *State* v. *Briles* (1927), 198 Ind. 286, 154 N. E. 659.

Even if it could be considered that the second and third alleged errors were the grounds assigned in his motion for a new trial, and for that reason presented the question of the sufficiency of the evidence, the statement of the evidence, as set out in appellant's brief, meager as it is, shows that his contention could not be sustained. The most that could be said in favor of appellant is that there was some conflict in the evidence. It has been held so often by this court that citation of authority is unnecessary, that, on appeal, we will not weigh the evidence, and if there is evidence in the record to support the finding, the decision of the lower court must stand. Also, that under this assignment of error, only that evidence which is most favorable to the State will be considered by this court.

With these rules in mind, we are of the opinion that appellant's brief not only fails to show reversible error in overruling his motion for a new trial, but shows affirmatively that no such error was committed.

Judgment of the lower court affirmed.

Martin, J., absent.